OPINION OF THE COURT
Edward M. Horey, J.
The motion before the court has been made ex parte by the Commissioner of Labor of the State of New York. It seeks an extension of a levy upon personal property. It is alleged that the authority for the motion and extension is CPLR 5232 (subd [a]).
The affirmation of the Senior Attorney for the Commissioner of Labor, Chaim S. Malks, Esq., on a printed form with additional typed information completing blank spaces or adding to printed information recites the following facts, to wit: (1) warrants for New York unemployment insurance taxes were docketed against the named judgment debtor, Stanley Chudzik, in the office of the Clerk of Cattaraugus County on January 7, 1983, and January 8, 1982; (2) there remains due and owing to the judgment creditor, Commissioner of Labor, the sum of $8,025.64 plus *960 interest “at the rate of 9% per annum from the date of docketing each warrant to December 31,1981 [sic] and 12% thereafter to the date of payment”; (3) that on or about November 28, 1983, “pursuant to Labor Law, Sec. 573 subd. 1, and CPLR 5232(a), a tax compliance agent’s levy was served upon Danny Dineen as garnishee, by delivering to and personally leaving with Danny Dineen * * * a copy of said execution” (emphasis added); (4) “the levy has not been discharged by payment to the said tax compliance agent of the amount required to satisfy the warrants”; (5) that the garnishee still owes or will owe money to the judgment debtor resulting from rents payable to the judgment debtor; (6) that such rents are payable at a monthly rate of $200 and the garnishee will not be able to make any payments until such rents become due; (7) unless the levy made on or about November 28, 1983 is extended it will expire on February 27, 1984.
The relief requested prays for an order that the “effective period of the tax compliances agent’s levy be extended for a period up to and including November 28, 1985.”
This court finds confusion and uncertainty in the allegations made in reference to the levy which was served on the garnishee. Such levy is repeatedly referred to as “a tax compliance agent’s levy.” It is alleged that such levy was served “pursuant to Labor Law, Sec. 573 subd. 1 and CPLR 5232(a)” (emphasis added).
Without regard to certain provisions of CPLR 5232 which remain indefinite and will be later reviewed, one thing is crystal clear, viz., under any and all of the subdivisions of CPLR 5232, particularly including subdivision (a), any levy that is authorized to be made is a levy by the Sheriff. Such levy is made by the Sheriff following the delivery to him of an execution which is to issue and be placed on a form as required by CPLR 5230. The “execution” gives direction to the Sheriff to satisfy a referenced judgment out of property “of the judgment debtor and the debts due to him”. (See CPLR 5230, subds [a], [b]). The “levy” made by the Sheriff is the manner in which he is authorized to carry out the direction to satisfy the judgment. It is provided for by statute. (See CPLR 5232.) It is fundamental procedural knowledge that a typical unpaid *961 money judgment will be collected by the preparation of an “execution,” which is to be delivered to a Sheriff who upon receipt will make a “levy” upon property of the judgment debtor.
In contrast to the provisions of CPLR 5232 are the provisions of section 573 of the Labor Law. That section deals particularly with actions and proceedings for the collection of unemployment insurance. Section 573 of the Labor Law is divided into two subdivisions, viz., 1 and 2. They differ substantially in their provisions.
Subdivision 1 of section 573 of the Labor Law provides that the Commissioner of Labor may collect unpaid unemployment insurance by the institution of a “civil action.” In this respect the rights of the Commissioner are no different than those of any general creditor. An action may be brought for the unpaid insurance. If a judgment is rendered in his favor it may be collected by the preparation of an execution with delivery of it to a Sheriff for a levy on the property of the debtor.
However, subdivision 2 of section 573 of the Labor Law provides the Commissioner of Labor with additional means of collection. “In addition and as an alternative to any other [relief]” subdivision 2 authorizes the Commissi oner to issue a “warrant” to a Sheriff commanding the Sheriff to levy upon and sell the real and personal property of an employer “who has defaulted in the payment of any sum determined to be due from such employer” (emphasis added). Within five days of the receipt of the warrant, the Sheriff is required to file a copy thereof with the clerk of the county. Upon receipt, the clerk is required to enter the warrant “in the judgment docket” and the amount of such warrant becomes a lien upon the title to and interest in real property and chattels real of the debtor. Note is made that this means of collection does not require a prior judgment. Who it is that makes the determination of the sum due from the employer is shrouded in mystery. However, once the warrant is filed with the clerk, the Sheriff is directed to proceed upon the warrant “in the same manner, and with like effect, as that provided by law in respect to executions issued against property upon judgments of a court of record”.
*962 A further and third means of enforcement is granted the Commissioner of Labor. This means is also provided in subdivision 2 of section 573 of the Labor Law. It provides: “In the discretion of the commissioner,” he may also issue “a warrant of like terms, force, and effect * * * to any officer or employee of the department of labor who may file a copy of such warrant with the clerk of any county in the state” (emphasis added). Upon docketing the warrant it shall have the same effect as a warrant issued by the Commissioner to a Sheriff. In the execution of this type of warrant the employee is given all of the power of a Sheriff. This method of enforcement of payment also does not require a prior judgment.
Support for the proposition that no prior judgment is required as a prerequisite to the issuance of a warrant under either part of subdivision 2 of section 530 of the Labor Law by the Commissioner is found in the 1941 Opinion of the Attorney-General (1941 Opns Atty Gen 300) which determined that the issuance of a warrant was not an action or proceeding commenced in any court within the meaning of either the New York State Soldiers’ and Sailors’ Civil Relief Act (Military Law, § 303, subd 1) or the Federal act (US Code, tit 50, Appendix, § 501 et seq.). See, also, Matter of Reiber’s Inn (3 BR 706) which held the filing of warrants by the Commissioner did not give him priority over the trustee in bankruptcy as a perfected judgment would have done. Note is also made of the statutory provisions of the first part of subdivision 2 of section 530 of the Labor Law that expressly provide that a Sheriff is to proceed upon a warrant issued to him in the same manner as if a judgment had been rendered in a court of record.
In summary, three separate methods for collection of unpaid unemployment insurance are provided the Commissioner of Labor. Under the provisions of section 573 of the Labor Law the method of delivery of a written execution to the Sheriff and the Sheriff’s subsequent levy provided under subdivision 1 clearly requires a prior judgment. The two alternative methods provided for under subdivision 2 of section 573 of the Labor Law do not necessitate a prior judgment.
*963 This court regards it as unique that both parts of subdivision 2 of section 573 of the Labor Law authorize the enforcement of a “warrant” issued by the Commissioner of Labor as a judgment. The uniqueness of this provision comes into focus when it is considered that the enforcement of this judgment equivalent, i.e., the warrant, need only follow a determination by someone, unspecified in the statute, that an employer owes unemployment insurance in a fixed amount and has defaulted in payment of it.
Presumably the party who makes the determination that an employer owes unemployment insurance is the Commissioner of Labor. The only provision discovered by this court for a determination of unpaid unemployment insurance other than by a court through a civil action is section 571 of the Labor Law. That section provides that if an employer fails to file a report or alternatively files a report which is incorrect or insufficient and fails to file a corrected report within 20 days after the Commissioner requires the same by written notice, then “the commissioner shall determine the amount * * * due * * * on the basis of such information as he may be able to obtain [and the commissioner] shall give written notice of such determination to the employer.” It is provided that the determination by the Commissioner “shall finally and irrevocably fix the amount of contribution, unless the commissioner of his own motion shall reduce the amount thereof, subject, however, to the right to a hearing as hereinafter provided.” Section 620 (subd 1, par [a]) of the Labor Law provides for a referee’s hearing if a “claimant who is dissatisfied with an initial determination * * * requests] a hearing.”
This court also regards it as unique and in fact amazing that the latter part of subdivision 2 of section 573 of the Labor Law authorizes the enforcement of the warrant not by the Sheriff but by an officer or employee of the Department of Labor who is given “all the powers conferred by law upon sheriffs”.
For all that is contained in the statute (Labor Law, § 573, subd 2) the Commissioner of Labor himself may be the person who determines that a sum is due from an employer for unpaid unemployment insurance. Presumably he is that person. (See review of Labor Law, § 571, supra.) As *964 “an alternative” to the commencement of an action he may elect to issue a “warrant” and direct it to any employee in the Department of Labor. Such employee need only file a copy with the clerk of the county and thereupon such employee has all the powers of a Sheriff to levy on the property of the debtor to secure collection.
Consider the following scenario. Designated by the Commissioner of Labor, the youngest secretary in his department, after filing a copy of a warrant with the county clerk has elected to clean off the shelves in Grandpa Pratt’s neighborhood grocery by way of a levy for unpaid insurance determined by the Commissioner to be owed by the elderly owner. After first staring in amazement, the grocer angers and then accosts the secretary with a threat to desist or he will call the Sheriff. Nonplussed, the secretary continues to load her pushcart with canned goods replying tartly “It won’t do you any good. I’ve got as much authority as he does. See subdivision 2 of section 573 of the Labor Law.” The humor of the situation is qualified only by the fact that the event could happen under the terms of the statute. But most importantly, after the issuance of the warrant by the Commissioner, it could happen without notice to the grocer.
This brings us to the greatest deficiency in subdivision 2 of section 573 of the Labor Law which is that it contains no procedural protections which are applicable to the enforcement provisions there provided. Once the Commissioner’s warrant is issued, there is no provision for notice concerning anything either to the debtor or a garnishee holding property of the debtor.
Citing as authority, the United States Supreme Court decision of Mullane v Central Hanover Trust Co. (339 US 306), the United States District Court for the Southern District of New York held as late as March 2, 1982, that “[njotice of the seizure, or the attempt to seize, property of a debtor is a fundamental element of due process.” (See Deary v Guardian Loan Co., 534 F Supp 1178, 1187, opn by Lasker, J.)
Because CPLR 5232 relating to a levy on an execution delivered to a Sheriff failed to provide notice to a debtor thus denying the debtor an opportunity to assert that *965 certain property was exempt from levy, Judge Lasker held that statute unconstitutional. (See Deary v Guardian Loan Co., supra.)
On the basis of the decision in Deary v Guardian Loan Co. (supra), and in an attempt to correct the constitutional deficiency, the Legislature of the State of New York added subdivision (c) to CPLR 5232 (see L 1982, ch 882, § 2, eff Sept. 1, 1982.)*
Essentially new subdivision (c) of CPLR 5232 imposes an obligation on the Sheriff upon receipt of an execution to serve a copy of the execution on the debtor and also give notice to the debtor and any garnishee about possibly exempt property. The notice is to be set forth on a form prescribed by CPLR 5222 (subd [e]). (Erroneously stated in the statute to be CPLR 5222, subd [c].) Such notice must be served unless it had previously been served “within a year”.
What is important about new subdivision (c) of CPLR 5232 is that it requires notice concerning exempt property only in the instance that an “execution” is involved in the collection process. Neither new subdivision (c) of CPLR 5232, nor the cross-referenced part of it to CPLR 5222 bear any reference to those situations when collection of a debt for unemployment insurance is proceeding from a “warrant” issued by the Commissioner of Labor either to a Sheriff or to an officer or an employee of the Labor Department under the provisions of subdivision 2 of section 573 of the Labor Law. Thus at best the amending provisions of new subdivision (c) of CPLR 5232 can only apply to the provisions of subdivision 1 of section 573 of the Labor Law. *966 This is for the reason that it is only subdivision 1 of that section (Labor Law, § 573) that relates to an “execution” on a judgment obtained by the Commissioner of Labor in a “civil action.”
In summary, the collection for unpaid unemployment insurance determined under subdivision 1 of section 573 of the Labor Law is accomplished under CPLR 5232, whereas collection for unpaid unemployment insurance determined under subdivision 2 of section 573 of the Labor Law is accomplished under the provisions contained in subdivision 2 of section 573 of the Labor Law.
The court will examine later whether the amendatory provision of new subdivision (c) of CPLR 5232 has in fact corrected the previously determined procedural due process voids of CPLR 5232 in whole or in part.
Let it suffice at this point to note that the requirements for notice concerning possibly exempt property would not impose any significant additional expense in the instance in which the Commissioner of Labor sought enforcement of debt under subdivision 2 of section 573 of the Labor Law by way of the issuance of a warrant delivered to either a Sheriff or any employee of the Labor Department. (Reaching the same conclusion in reference to enforcement of a judgment by execution, see Deary v Guardian Loan Co., supra, at p 1187.)
Further as the Third Circuit, Court of Appeals found in Finberg v Sullivan (634 F2d 50, 62), knowledge of exempt property is not well known and “[njotice of these matters can prevent serious, undue hardship for the judgment debtor whose lack of information * * * would cause delay * * * in filing a claim of exemption.”
Because of the complete absence of notice requirements concerning exempt property, the court holds that the provisions of subdivision 2 of section 573 of the Labor Law are constitutionally deficient and violate the procedural due process clause of the State and Federal Constitutions, viz., section 6 of article 1 of the New York State Constitution and section 1 of the Fourteenth Amendment to the United States Constitution. (Deary v Guardian Loan Co., 534 F Supp 1178, supra; Mullane v Central Hanover Trust Co., *967 339 US 306, supra; Matter of Cole v Goldberger, Pederson & Hochran, 95 Misc 2d 720; Finberg v Sullivan, 634 F2d 50, supra; Carey v Piphus, 435 US 247.)
The affirmation submitted in support of the motion for an extension of the levy state clearly that the garnishee was initially served with “a tax compliance agent’s levy.” It also states that this was done “pursuant to Labor Law Sec. 573 subd. 1 and CPLR 5232(a).” Hopefully the analysis which has been made by the court and will be immediately concluded has or will demonstrate the impossibility of the accuracy of both statements.
The review which has been made of the concededly confusing statutes and amendments leads this court to the conclusion that if the initial levy was accomplished by a “tax compliance agent’s levy” as is alleged in the affirmation, then it must have been done under the terms of subdivision 2 of section 573 of the Labor Law. This is for the reason that the only provision for enforcement by a levy made by a representative of the Commissioner of Labor are those found in subdivision 2 of section 573 of the Labor Law. As noted that subdivision provides for enforcement by way of a warrant issued by the Commissioner who may designate as his agent either the Sheriff or an employee of the Labor Department. So designated such representative proceeds with enforcement under the provisions of subdivision 2 of section 573 of the Labor Law.
If on the other hand the initial levy was accomplished under the provisions of subdivision 1 of section 573 of the Labor Law and CPLR 5232 (subd [a]) as is also alleged, then the initial levy would have been by the Sheriff, not as a designated agent of the Commissioner in reference to a warrant he may have issued, but rather as the officer named by the Legislature as the person to make a levy on personal property. Such a levy would also be required to be made on a judicially determined judgment resulting from a court action and not on a warrant following a determination by the Commissioner of Labor.
The court finds it impossible to conclude that the initial levy on the garnishee could have been done by a “tax compliance agent’s levy” and at the same time by a levy “pursuant to Labor Law subd. 1 and CPLR 5232(a).”
*968 The court turns at this point to a consideration of CPLR 5232 and the recent amendment to that statute by the addition of subdivision (c) thereto. As the excellent and helpful Supplementary Practice Commentaries by Professor David Siegel point out, that amendment was to fill a void in previous enforcement provisions by adding a provision which would notify a debtor about the possible exemption of his property from levy and to provide him with an opportunity to be heard on the subject. (See McKinney’s Cons Laws of NY, Book 7B, 1983-1984 Pocket Part, CPLR C5232:5, p 57.)
The new addition to CPLR 5232, i.e, subdivision (c), by cross-reference provides that the notice concerning exempt property is to be that provided in an amendment to CPLR 5222 which added subdivisions (d) and (e) to that statute. These amendments were effected simultaneously with the amendment to CPLR 5232, both enacted under chapter 882 of the Laws of 1982, and made effective September 1,1982.
The terms of the cited amendments leaves open the question presented to this court which is whether or not a notice covering exempt property would be required as a prerequisite to granting the extension of a levy alleged to have been previously made under CPLR 5232 (subd [a]). The amendment provides in relevant part that “[i]f a notice in the form prescribed in subdivision (e) has not been given to the judgment debtor within a year before service of a restraining notice, a copy of the restraining notice together with the notice to judgment debtor” shall be given by mail (CPLR 5222, subd [d]; emphasis added).
While it is clear in the instant case that the initial levy was made after the effective date of the new required notice concerning exempt property, there is no allegation in the affirmation submitted in support of the motion that indicates a compliance with these new notice requirements contained in new subdivision (c) of CPLR 5232.
All that is alleged is that the initial levy was made “pursuant to * * * CPLR 5232(a)” (emphasis added). Compliance with the many provisions of CPLR 5232 (subd [a]) whether before or after the noted amendment of CPLR 5232 is possible without further compliance with the new *969 provisions of subdivision (c) of CPLR 5232 and the cross-referenced notice provision required by amendment to CPLR 5222.
The court holds the affirmation in support of the motion is deficient in failing to state compliance at any time with the determined constitutional requirements of notice concerning exempt property which is provided in CPLR 5232 (subd [c]).
In this court’s mind even if it appeared that prior compliance with the provision of CPLR 5232 (subd [c]) had in fact been made and made “within a year” there is substantial doubt if such prior notice would be sufficient to support a motion for an extension of levy. It is true as Professor Siegel notes in his Supplementary Practice Commentaries that the amendment (CPLR 5232, subd [c]) contains no other time requirement than that the required notice had been made “within a year.” (See Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1983-1984 Pocket Part, CPLR C5232:5, p 57.)
However, when one considers (1) that the purpose of the statute is to provide a debtor with knowledge that some or all of his property may be exempt from levy under State or Federal statutes and (2) that a levy once made is applicable not only to the property which the debtor owns at the time of the levy but also as to any property or interest “thereafter” coming into the possession of the debtor or that of a garnishee holding property of the debtor (see CPLR 5232, subd [a]) and (3) that the debtor or a garnishee may have acquired exempt property after the initial levy, then a requirement of notice concerning exempt property before granting an extension of levy in the opinion of this court is persuasive, reasonable and necessary. If it were otherwise, the purpose of the notice would be frustrated.
The court is constrained to include the foregoing opinion for the primary reason that Judge Lasker has invited construction and insight by New York State courts on the New York amendment’s adequacy under constitutional standards. (See Deary v Guardian Loan Co., 550 F Supp 642, a follow-up case to Deary v Guardian Loan Co., 534 F Supp 1178, supra; see, also, Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book *970 7B, 1983-1984 Pocket Part, CPLR C5222:ll, p 32.) Hopefully the opinion may also provide insight and direction to the Commissioner of Labor in seeking future extensions of levy.
Finally as to that part of the affirmation in support of the motion which alleges compliance with statutory provisions that led to a “tax compliance agent’s levy,” the affirmation at best alleges compliance with the provisions of subdivision 2 of section 573 of the Labor Law. The provisions of subdivision 2 of section 573 of the Labor Law have been determined to be constitutionally deficient. Compliance with the provisions of an unconstitutional statute is a nullity.
For the reasons stated the motion to extend a levy on property is denied.

 “(c) Notice to judgment debtor. Where an execution does not state that a notice in the form presented by subdivision (c) of section fifty-two hundred twenty-two of this chapter has been duly served upon the judgment debtor within a year, the sheriff shall, not later than four days after service of the execution upon any garnishee, mail by first class mail, or personally deliver, to each judgment debtor who is a natural person, a copy of the execution together with such notice. The sheriff shall specify on the notice to judgment debtor the name and address of the judgment creditor or the judgment creditor’s attorney. The notice shall be mailed to the judgment debtor at his residence address; and in the event such mailing is returned as undeliverable by the post office, or if the residence address of the judgment debtor is unknown, then to the judgment debtor in care of the place of employment of the judgment debtor if known, in an envelope bearing the legend ‘personal and confidential’ and not indicating on the outside thereof, by the return address or otherwise, that the communication is from a sheriff or concerns a debt; or if neither the residence nor the place of employment of the judgment debtor is known, then to the judgment debtor at any other known address.” (L 1982, ch 882, § 2.)