OPINION OF THE COURT
Edward M. Horey, J.
Once again the Commissioner of Labor seeks to renew an application for an extension of a levy on personal property of Stanley Chudzik, the judgment debtor.
To review briefly, an initial ex parte application to renew a levy made by the Commissioner through attorneys in the Department of Labor was denied by this court in a detailed decision dated March 30, 1984. (See, Commissioner of Labor v Chudzik, 123 Misc 2d 959.) The denial was based upon determined consti *969 tutional grounds of inadequacy of notice to the judgment debtor involved and constitutional inadequacy of statutory provisions relative to notice to a judgment debtor.
Dissatisfied with the court’s decision, the. Commissioner of Labor then sought the legal services of the Attorney-General and the Attorney-General then made an application “for reargument on additional papers” of the Commissioner’s original application for renewal. This court determined that the application was not one for reargument but was one for review and upon considering the factual material contained in the “additional papers” presented denied this application. The reason for this denial was set forth in an unpublished second decision of this court dated May 3, 1984.
A third attempt to secure the relief originally sought is now belatedly presented by the Commissioner of Labor again through the office of the Attorney-General. This most recent application is an application to renew an application for an extension of levy. It is also denied for reasons hereinafter set forth.
The only significant new material submitted on the latest application is an affidavit of one Gerard Stranz, a tax compliance agent. In his affidavit, Mr. Stranz asserts that a notice concerning possible exempt property had been mailed to the judgment debtor on November 28, 1983 “or the following day.” This allegedly was done at the time a specification and levy was made on Danny Dineen, a garnishee of assets of the judgment debtor. The affidavit further states that the collection case against the debtor “dates back for a period of fifteen years.” It states that the affiant had been “involved in the case for a long period of time and I am therefore aware of all aspects of this case.”
Let us address first the question “why was the Commissioner of Labor prevented from bringing the factual information now offered to the attention of the court in the initial proceeding or in the first application to review and presents it now for the first time after the elapse of seven months?”
If notice of exempt property was in fact given to the judgment debtor in November 1983 as alleged, proof of that fact was available to the attorneys for the Commissioner of Labor in making the initial application for an extension of levy in February 1984. Similarly, it would have been available to the Attorney-General when he intervened on behalf of the Commissioner of Labor in seeking a review of the decision in April of 1984. Certainly the original decision of the court indicated clearly the *970 relevancy of such proof. It would have been available at all intervening times. It has now been produced for consideration by the court for the first time seven months after the proceeding was first commenced. Quite frankly, the court finds the circumstances surrounding the affidavit and its late submission suspect.
However, the court does not predicate its decision on such grounds.
An application or motion for leave to review is to be made upon presenting additional facts which existed at the time the prior motion was made or by supplying defects in the proof. The additional facts must be material and not merely cumulative or additional evidence of the same kind as originally submitted. (See, 2 Carmody-Wait 2d, NY Prac § 8:78, and cases there cited.) “Furthermore, it is necessary, not only that the additional facts be ones which were not presented to the court on the previous motion, but also that the movant show that he was prevented from bringing such facts to the notice of the judge by mistake, inadvertence, surprise, or excusable neglect.” (2 Carmody-Wait 2d, NY Prac § 8:78; italics added; ECCO High Frequency Corp. v Amtorg Trading Corp., 81 NYS2d 897, affd 274 App Div 982 [1st Dept 1948]; Matter of Hooker v Town Bd., 60 AD2d 684 [3d Dept 1977].)
This court specifically finds nothing in the papers submitted by the applicant which would excuse failure to submit, not once but twice, proof of service of notice of exempt property on the judgment debtor. So the first grounds of the decision herein are the total failure of the applicant to show that the applicant was prevented from bringing such facts to the attention of the court through mistake, inadvertence, surprise or excuseable neglect. Additional and more compelling grounds are at hand.
In its original decision of March 30, 1984 this court opined that even if notice of exempt property had been given to the judgment debtor at the time of service of the warrant upon the judgment debtor or a garnishee that a further notice should be required in connection with any motion or application for an extension of levy. (See, Commissioner of Labor v Chudzik, 123 Misc 2d 959, 969, supra.)
The reasons supporting the court’s view were stated as follows (p 969): “However, when one considers (1) that the purpose of the statute is to provide a debtor with knowledge that some or all of his property may be exempt from levy under State or Federal statutes and (2) that a levy once made is applicable not only to the property which the debtor owns at the time of the levy but *971 also as to any property or interest ‘thereafter’ coming into the possession of the debtor or that of a garnishee holding property of the debtor (see CPLR 5232, subd [a]) and (3) that the debtor or a garnishee may have acquired exempt property after the initial levy, then a requirement of notice concerning exempt property before granting an extension of levy in the opinion of this court is persuasive, reasonable and necessary. If it were otherwise, the purpose of the notice would be frustrated.”
For the reasons noted together with the fact that there is no statutory provision under the CPLR or Labor Law referable to notice upon application for renewal of a levy but at best only in reference to service of a “restraining notice” which is provided in the CPLR referable to judgment creditors (see, CPLR 5222 [d]; 5232 [c]) and for the further reason that there are numerous and periodic changes and additions of exempt property made by the Congress and the State Legislature, the court no longer opines but now holds it to be a constitutional requirement of procedural due process that notice of exempt property be given the judgment debtor in concert with procedures to extend a levy previously obtained. This holding constitutes the court’s second grounds for denial of the instant application to review.
As a foundation to the additional grounds of the court’s determination, note is made of a much-stressed argument of the Attorney-General.
In his memorandum submitted in support of the most recent application, the Attorney-General sets forth the argument that the provisions of Labor Law § 573 (2) mandate procedures upon execution following the issuance of warrants precisely as procedures are required in respect to executions against property upon judgments of a court of record.
Insofar as it affects officers or employees of the Department of Labor when such officers or employees levy executions against property following service of warrants, issued by the Commissioner .of Labor, the argument advanced is without substance and statements to such effect by the Attorney-General are completely erroneous.
As noted in the memorandum decision of March 30, 1984 (reported 123 Misc 2d 959), Labor Law § 573 provides for three separate methods of execution on property by the Commissioner of Labor. Labor Law § 573 (1) deals with procedures that attend executions by Sheriffs on judgments of a court of record.
Labor Law § 573 (2) provides for two additional methods of execution both through the issuance of warrants by the Commissioner of Labor. The first paragraph of subdivision (2) provides *972 for an execution on property by a Sheriff upon a warrant issued by the Commissioner. There the command of the statute is that ; “[t]he sheriff shall then proceed upon the warrant in the same manner, and with like effect, as that provided by law in respect to executions issued against property upon judgments of a court of record”.
The second paragraph of Labor Law § 573 (2) provides for an entirely different procedure for execution upon property. It authorizes the delivery of a warrant issued by the Commissioner of Labor “to any officer or employee of the department of labor”. The only requirement of the statute that follows is that such officer or employee of the Department of Labor “file a copy of such warrant with the clerk of any county in the state”. In any subsequent execution upon property the statute merely provides that the officer or employee “shall have all the powers conferred by law upon sheriffs”. There is no statutory requirement binding upon the officers or employees of the Department of Labor that they proceed in executing upon property in the same manner as is binding upon a Sheriff in executing on a judgment of a court of record. That obligation, binding upon execution if made by a Sheriff following the filing of a warrant are completely absent in the instance that the warrant is filed by an employee or officer of the Department of Labor. Therein lies the failure of the statute.
Apparently, it is the procedural ease of securing a warrant in the first instance and the greater ease of levying executions on such warrant under the alternative procedure provided in paragraph 2 of Labor Law § 573 (2) that has prompted the Commissioner of Labor to proceed with executions by departmental officers and employees in the vast majority of cases. While the court understands the reluctance of the Commissioner and the Commissioner’s legal staff to alter a previously existing procedure so much employed, this court does not share in that reluctance and does not approve of the procedure which is authorized by the referenced statute. This leads directly to the third grounds supporting this court’s denial of this second application to review the original application to extend a levy upon the debtor’s property.
In its decision of March 30, 1984, in addition to holding that there was a failure of proof that notice of exempt property had been given to the debtor, Chudzik, this court further held that the statute (Labor Law § 573 [2] [para 2]) itself was constitutionally inadequate by failing to contain provisions requiring service of notice of exempt property. This latter decision, of course, is wholly separate and independent consideration to the other *973 determination which was that there was a failure of proof that adequate notice of exempt property had been given to the judgment debtor, Chudzik.
The point made was that by requiring statutory notice prior to execution there would be assurance that all creditors, not some, not many, not a few, not those named Chudzik, but all would have knowledge of what property was exempt from execution. Such notice would alert judgment debtors to their rights to assert their claims of exemption. This court was of the opinion then and now that granting or withholding of constitutional rights to notice should not be a matter of grace or favor by the Commissioner of Labor or any other creditor. It was the absence of a guarantee of notice in the statute that led the Supreme Court of this State in Matter of Cole v Goldberger, Pedersen & Hochron (95 Misc 2d 720 [Fischer, J.]) to hold unconstitutional CPLR 5222, 5230 and 5232 referable to restraint upon assets of a debtor. It was for the same reason that the United States District Court in Deary v Guardian Loan Co. (534 F Supp 1178) held the same statutes constitutionally deficient. This court merely extended the noted decisional law to that provision of the Labor Law, viz., § 573 (2), paragraph 2, which contains counterpart provisions for enforcement of creditors rights against debtors that are contained in the cited sections of the CPLR.
In the opinion of the court the need for inclusion of notice provisions of exempt property in paragraph 2 of Labor Law § 573 (2) are far more compelling than requiring such notice in the sister provisions of the CPLR. This is for the reason that enforcement provisions of paragraph 2 of Labor Law § 573 (2) are the culmination of a nonjudicial procedure for collection of alleged debts that authorizes the Commissioner of Labor to act as investigator, judge, jury and Sheriff. (See, Labor Law §§571, 573 [2] [para 2]; see also, first decision of this court dated Mar. 30, 1984 reported as Commissioner of Labor v Chudzik, 123 Misc 2d 959, supra.)
The third grounds and the most important in the opinion of this court for the decision herein is that the statute (Labor Law §573 [2] [para 2]) fails to contain a requirement for giving notice of exempt property to a judgment debtor. In placing its decision upon such grounds this court is not advancing any new proposal or constitutional requirement.
It has been repeatedly held that the granting of a notice as a matter of grace and favor does not correct the constitutional inadequacy of a statute. In Stuart v Palmer (74 NY 183, 188) a case that involved a statute providing for an assessment for a *974 local improvement without a requirement for notice to the owner of the property affected, the Court of Appeals said: “It is not enough that the owners may by chance have notice, or that they may as a matter of favor have a hearing. The law must require notice to them, and give them the right to a hearing and an opportunity to be heard.” (Italics added.) The soundness of this doctrine was applauded by the "Supreme Court of the United States in Coe v Armour Fertilizer Works (237 US 413, 425). Earlier in Security Trust Co. v City of Lexington (203 US 323, 333) the Supreme Court of the United States said in reference to an assessment for bank taxes: “If the statute did not provide for a notice in any form, it is not material that as a matter of grace or favor notice may have been given of the proposed assessment. It is not what notice, uncalled for by the statute, the taxpayer may have received in a particular case that is material, but the question is, whether any notice is provided for by the statute.” (Italics added.) The New York case of Stuart v Palmer (supra) was cited as authority.
Additional authority was cited in Coe v Armour Fertilizer Works (supra) as follows: “So, in Central of Georgia Ry v. Wright, 207 U.S. 127,138 the court said: ‘this notice must be provided as an essential part of the statutory provision and not awarded as a mere matter of favor or grace.’ In Roller v. Holly, 176 U.S. 398, 409, the court declared: ‘The right of a citizen to due process of law must rest upon a basis more substantial than favor or discretion.’ And in Louis & Nash. R.R. v. Stock Yards Co., 212 U.S. 132, 144, it was said: ‘The law itself must save the parties’ rights, and not leave them to the discretion of the courts as such.’ ” (Coe v Armour Fertilizer Works, 237 US 413, 425, supra.) In arguing only that notice of exempt property was given to the judgment debtor, Chudzik, the Attorney-General this time around has overlooked the more significant constitutional issue which is the inadequacy of the statute in issue.
Finally, it is urged that this court failed to give notice of an issue of constitutionality to the Attorney-General and thus violated the requirements of Executive Law § 71.
Before addressing this contention, it is necessary to note as a threshold matter that the original application to this court for an extension of levy was made by attorneys for the Department of Labor and not by the Attorney-General. The original application was made by one Chaim Malks, Esq., identified as Senior Attorney for the Commissioner of Labor. The Attorney-General concedes that his office was not involved in the proceeding until after this court had filed its original decision of March 30, 1984 declaring paragraph 2 of Labor Law § 573 (2) unconstitutional.
*975 The initial involvement of the Attorney-General was in the application to review (denominated as an application to reargue on additional papers) the original decision of March 30,1984. In seeking review, the Attorney-General demonstrated complete knowledge of the involvement of a constitutional issue of due process and argued strenuously against the court’s finding of a constitutional deficiency in the statute. He avoids that issue in this second application for review.
Turning now to the requirements of Executive Law § 71, note is made that such statute first provides for involvement in any action or proceeding by parties other than the Attorney-General. It provides in such cases that the court “may make an order” directing the party desiring to raise the issue of constitutionality to give notice to the Attorney-General. If given such notice the Attorney-General is permitted to appear if he opts to do so. In sum, the notice to the Attorney-General required by the court upon the application of attorneys for the Commissioner of Labor was discretionary. In reference to this portion of the statute this Judge before rendering his initial decision of March 30, 1984 advised the attorney for the Department of Labor that he was troubled by the notice provision of Labor Law § 573 and asked orally by phone if they wished to submit any memorandum. The answer was no!
Returning to the additional provision of Executive Law § 71, note is made that compulsory notice by the court referable to an issue of constitutionality is only required “in any such action or proceeding upon motion of the attorney-general.” No motion was ever made by the Attorney-General either before or after this court’s initial determination of March 30, 1984.
The Attorney-General affirms by affidavit that his office was not even aware of the instant proceeding until April of 1984. Upon intervention in the proceeding, the Attorney-General sought by an “application” and not a motion a review of this court’s decision. Despite the failure to follow prescribed procedure this court permitted the Attorney-General to raise the issue of constitutionality and this court considered such issue in making its second decision denying the first application for review.
This court again has entertained this second application for review made by the Attorney-General which again addresses some aspects of the constitutionality of the statute at least as they allegedly pertain to the judgment debtor, Chudzik. As indicated in this decision, the court has again answered or attempted to answer all arguments constitutional or otherwise *976 which have been raised by the Attorney-General. This court has complied fully not only with the letter but the spirit of Executive Law § 71.
A further statutory provision relative to the prior action of this court is noted. It is CPLR 5240. That statute provides in pertinent part as follows: “[t]he Court may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending,or modifying the use of any enforcement procedure”. (Emphasis added.)
This section has been liberally construed in reference to judicial action concerning enforcement procedures. (See, collection of cases and examples recited in Matter of Cole v Goldberger, Pedersen & Hochron, 95 Misc 2d 720, 731, supra.) That citation noted that the provisions of CPLR 5240 have been stated to be sufficiently broad to permit “harmonizing the judgment debtor’s interest in avoiding irreparable family harm resulting from execution * * * with the legitimate interest of a creditor in securing payment of a valid debt.” (Holmes v W. T. Grant, Inc., 71 Misc 2d 486, 487.) If, as has been stated, the purpose of the statute is “to protect judgment debtors from the harsh results of the lawful enforcement procedures” (Wandschneider v Bekeny, 75 Misc 2d 32, 35), then a fortiori its purpose is to protect the same parties from unlawful or unconstitutional procedures.
It is submitted that this court has done nothing more than the statute (CPLR 5240) expressly permits and inferentially requires a court to do. This court has not unduly intruded into an established procedure of the Commissioner of Labor. The fact that judicial action was taken on what was thought to be a routine ex parte application for extension of a levy by the Commissioner of Labor is of no consequence. The law must be followed in those procedures as elsewhere.
The Attorney-General is directed and ordered to submit an order on this decision within one month of the receipt thereof.