■ COMMISSIONER OF LABOR OF THE STATE OF NEW YORK, Formerly INDUSTRIAL COMMISSIONER, Appellant, v MARY CHUDZIK, as Administrator of the Estate of STANLEY CHUDZIK, Deceased, Respondent.

▨▨▨▨▨▨ Memorandum: The Commissioner of Labor, as judgment creditor of an unemployment insurance tax debt, appeals from an order denying a motion to vacate three orders which denied applications to extend a levy upon the personal property of the judgment debtor. The order was based on the court's prior decisions which declared Labor Law § 573 (2) unconstitutional for failure to require that notice of exempt property be given the judgment debtor *(Commissioner of Labor of State of N. Y. v Chudzik,* 126 Misc 2d 968; 123 Misc 2d 959). The court reasoned that compliance with an unconstitutional statute is a nullity.

Although the amount of the debt has been satisfied, we do not consider this appeal moot because the constitutional issue, involving a statute of State-wide application, is likely to recur *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715; *Le Drugstore Etats Unis v New York State Bd. of Pharmacy,* 33 NY2d 298, 301; *Matter of Gold v Lomenzo,* 29 NY2d 468, 475-476). We note that although the court decided the constitutional issue on its own motion without notifying the Attorney-General *(see,* Executive Law § 71), the Attorney-General did appear, and has been afforded an opportunity to uphold the validity of the statute, and in fact represents the Commissioner on this appeal.

Special Term erred in declaring the statute unconstitutional. Since notice of exempt property must be given to a judgment debtor pursuant to CPLR 5222 (d) and 5232 (c), the failure of Labor Law § 573 (2) to require such notice does not render the statute unconstitutional because the two statutes, covering the same general subject matter, should be construed together and applied harmoniously and consistently (McKinney's Cons Laws of NY, Book 1, Statutes § 221). This rule of statutory construction is particularly appropriate here since Labor Law § 573 (2) incorporates by reference CPLR article 52 in authorizing a Sheriff or Labor Department employee to "proceed upon the warrant in the same manner, and with like effect, as that provided by law in respect to executions issued against property upon judgments of a court of record". (Appeal from order of Supreme Court, Cattaraugus County, Horey, J.—vacate prior orders.) Present—Dillon, P. J., Green, Pine, Balio and Lawton, JJ.