OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the order and judgment of the Supreme Court reinstated.
 

 Plaintiff commenced this action for a declaratory judgment to obtain relief from its obligation to offer a renewal lease to defendant Lenox Hill Hospital, the existing tenant of record, on the ground that Lenox Hill was not occupying the subject rent-stabilized apartment units as "primary residences,” but rather was subletting the units to its employees
 
 (see,
 
 L 1983, ch 403, § 41, amending Administrative Code of City of New York § YY51-3.0, renum § 26-504). In support of its position, plaintiff argued, among other things, that a statute enacted in 1984 specifically authorizing not-for-profit hospitals such as Lenox Hill to sublet their rent-stabilized apartments to employees and "affiliates”
 
 (see,
 
 L 1984, ch 940, § 1, amending Administrative Code § YY51-3.0 [a] [1] [f], renum §26-504 [a] [1] [fj;
 
 see also,
 
 McKinney’s Uncons Laws of NY § 8625 [a] [11]; § 8630-a [h] [Emergency Tenant Protection Act of 1974, L 1974, ch 576, § 4 as amended]) could not constitutionally be construed to require plaintiff to offer Lenox Hill renewal leases indefinitely. Relying on
 
 Seawall Assocs. v City of New York
 
 (74 NY2d 92) and the majority opinion in
 
 Hall v City of Santa Barbara
 
 (833 F2d 1270,
 
 cert denied
 
 485 US 940), plaintiff argued that such a significant impairment of its rights to possess and to exclude others from its property would violate the Fifth Amendment prohibition against governmental taking of private property without just compensation
 
 (see,
 
 US Const 5th, 14th Amends).
 

 We have held, however, that when an owner seeks to deny a tenant the right to a renewal lease on the ground that the apartment unit is not occupied as the tenant’s primary resi
 
 *947
 
 dence, the owner must adhere to the procedure set forth in former section 54 (E) of the Rent Stabilization Code (9 NYCRR 2524.4 [c])
 
 (Crow v 83rd St. Assocs., 68
 
 NY2d 796;
 
 Golub v Frank,
 
 65 NY2d 900). That procedure requires that the owner give the tenant notice of its intention not to offer a renewal lease not more than 150 days and not less than 120 days prior to the expiration of the existing lease term (Rent Stabilization Code former § 60 [9 NYCRR 2524.2 (c) (2)]). Where such notice is not timely given, the defendant is entitled to a renewal lease by operation of former sections 50 (9 NYCRR 2524.1) and 54 (E) of the code.
 

 Inasmuch as plaintiff concededly did not give Lenox Hill the requisite notice, Lenox Hill is entitled to a renewal lease for each of the subject apartments. This conclusion is not affected by either the fact that plaintiff has asserted its claim in the form of an action for declaratory relief
 
 (see, 615 Co. v Mikeska,
 
 75 NY2d 987) or the fact that plaintiff has invoked the Takings Clause of the Fifth Amendment to support its nonprimary residency argument. Since the gist of plaintiff’s claim is that it should not be obliged to offer Lenox Hill a renewal lease because of Lenox Hill’s alleged failure to use the subject apartments as "primary residence,” the procedural rules set forth in former section 54 (E) of the Rent Stabilization Code must be observed.
 

 Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur; Judge Kaye taking no part.
 

 Order reversed, with costs, the order and judgment of Supreme Court, New York County, reinstated, and the certified question answered in the negative, in a memorandum.