## CITIZENS FOR UNIFORM TAXATION v NORTHPORT PUBLIC SCHOOL DISTRICT

Docket No. 209901. Submitted July 8, 1999, at Grand Rapids. Decided January 7, 2000, at 9:05 A.M. Leave to appeal denied, 462 Mich ___.

Citizens for Uniform Taxation brought an action in the Leelanau Circuit Court against Northport Public School District and the other three public school districts in Leelanau County, seeking declaratory and injunctive relief against the exemption of homestead property from school district tax levies, as provided by MCL 380.1211(1); MSA 15.41211(1). The State Board of Education, the Department of Treasury, and the State Tax Commission intervened as defendants. The plaintiff alleged that § 1211 violates the Privileges and Immunities Clause of the United States Constitution, US Const, art IV, § 2, and the Equal Protection Clauses of the federal and state constitutions, US Const, Am XIV; Const 1963, art 1, § 2. The court, Philip E. Rodgers, Jr., J., granted summary disposition for the defendants. The plaintiff appealed.

The Court of Appeals *held*:

1. Section 1211 does not violate the Privileges and Immunities Clause because it makes no distinction between Michigan residents and nonresidents in excluding homesteads from taxation.

2. Section 1211 does not violate equal protection because the distinction drawn between nontaxable homesteads and taxable nonhomesteads is rationally based on the legitimate governmental interest of protecting and promoting homestead property.

Affirmed.

1. CONSTITUTIONAL LAW — UNITED STATES CONSTITUTION — PRIVILEGES AND IMMUNITIES CLAUSE.

A state law that distinguishes between residents and nonresidents of that state, when challenged under the Privileges and Immunities Clause of the United States Constitution, may be defended by the state with a demonstration that there is a substantial reason for the difference in treatment and that the discrimination practiced against nonresidents bears a substantial relationship to the state's objective (US Const, art IV, § 2).

2. CONSTITUTIONAL LAW — EQUAL PROTECTION — STATUTES.

> A statutory classification that does not interfere with the exercise of a fundamental right or operate to the peculiar disadvantage of a suspect class, when challenged under the Equal Protection Clauses of the federal and state constitutions, will be upheld if the statute furthers a legitimate governmental interest and if the challenged classification is rationally related to achieving that interest (US Const, Am XIV; Const 1963, art 1, § 2).

*Running, Wise, Ford & Phillips, PLC* (by *J. Bruce Donaldson*) and *Blakeslee, Chambers & Peterson, P.C.* (by *Stephen C. Chambers* and *David Bieganowski*), for Citizens for Uniform Taxation.

*Thrun, Maatsch and Nordberg, P.C.* (by *David Olmstead*), for Northport Public School District and others.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Ross H. Bishop*, Assistant Attorney General, for State Board of Education and others.

Before: McDONALD, P.J., and KELLY and CAVANAGH, JJ.

McDONALD, P.J. Plaintiff appeals as of right the circuit court's order granting summary disposition pursuant to MCR 2.116(C)(10) in favor of defendants. We affirm.

This appeal involves the constitutionality of the Legislature's amendment of § 1211[1] of the Revised School Code, MCL 380.1 *et seq.*; MSA 15.4001 *et seq.*, following voter approval of Proposal A, which amended Const 1963, art 9, § 3 and dramatically changed the financing of Michigan's K-12 public

---

[1] MCL 380.1211; MSA 15.41211.

schools.[2] Subsection 1211(1) governs the levying of school operating property taxes and authorizes local school districts to levy a maximum of eighteen mills for school operating purposes, but exempts homesteads and qualified agricultural property from these mills. MCL 380.1211(1); MSA 15.41211(1).

Plaintiff is a taxpayer organization comprised of owners of nonexempt property in Leelanau County's four public school districts. Plaintiff initiated this class action against defendants, the four public school districts in Leelanau County, seeking declaratory and injunctive relief. Plaintiff challenged the constitutionality of § 1211, arguing that the statute violates the Privileges and Immunities Clause of the United States Constitution, US Const, art IV, § 2, and the Equal Protection Clauses of the federal and state constitutions, US Const, Am XIV; Const 1963, art 1, § 2. Because plaintiff's action attacked the validity of a taxing statute, intervening defendants, the State Board of Education, the Department of Treasury, and the State Tax Commission, joined the lawsuit to represent the state's interest in the suit. After hearing cross-motions for summary disposition, the trial court held that because the tax exemptions applied equally to residents and nonresidents, plaintiff failed to show that the statute discriminated on the basis of state citizenship. Accordingly, the trial court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(10).

Plaintiff first argues that § 1211 violates the Privileges and Immunities Clause of the United States

---

[2] For an overview of public school finance reform in Michigan, see *Durant v Michigan (On Remand)*, 238 Mich App 185; 605 NW2d 66 (1999).

Constitution, US Const, art IV, § 2. The constitutionality of a statute is a question of law that this Court reviews de novo. *Gilson v Dep't of Treasury*, 215 Mich App 43, 49; 544 NW2d 673 (1996). Statutes are presumed constitutional, and courts have a duty to construe a statute as constitutional unless unconstitutionality is clearly apparent. *Mahaffey v Attorney General*, 222 Mich App 325, 344; 564 NW2d 104 (1997).

Section 1211 provides, in relevant part:

> Except as otherwise provided . . . the board of a school district shall levy not more than 18 mills for school operating purposes or the number of mills levied in 1993 for school operating purposes, whichever is less. A homestead and qualified agricultural property are exempt from the mills levied under this subsection except for the number of mills by which that exemption is reduced under this subsection. [MCL 380.1211(1); MSA 15.41211(1).]

The term "homestead" is defined in § 1211d:

> "Homestead" means that portion of a dwelling or unit in a multiple-unit dwelling that is subject to ad valorem taxes and is owned and occupied as a principal residence by an owner of the dwelling or unit. [MCL 380.1211d(1)(a); MSA 15.41211(4)(1)(a).]

Section 1211d also defines the term "principal residence":

> "Principal residence" means the 1 place where a person has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established. [MCL 380.1211d(1)(d); MSA 15.41211(4)(1)(d).]

The Privileges and Immunities Clause provides that "[t]he Citizens of each state shall be entitled to all Privileges and Immunities of Citizens in the several States." US Const, art IV, § 2. Its object is to "strongly . . . constitute the citizens of the United States one people," by "plac[ing] the citizens of each State upon the same footing with the citizens of other States, so far as the advantages resulting from citizenship in those States are concerned." *Lunding v New York Tax Appeals Tribunal*, 522 US 287, 296; 118 S Ct 766; 139 L Ed 2d 717 (1998). "[W]hen confronted with a challenge under the Privileges and Immunities Clause to a *law distinguishing between residents and nonresidents*, a State may defend its position by demonstrating that '(i) there is a substantial reason for the difference in treatment; and (ii) the discrimination practiced against nonresidents bears a substantial relationship to the State's objective.' " *Id.* at 774, quoting *Supreme Court of New Hampshire v Piper*, 470 US 274, 284; 105 S Ct 1272; 84 L Ed 2d 205 (1985) (emphasis added).

However, in this case, the statute does not distinguish between residents and nonresidents. Instead, the statute distinguishes between property that qualifies as homestead property and property that does not. Section 1211 treats nonresidents who own property that does not qualify as homestead property exactly the same as Michigan residents who own property that does not qualify as homestead property, neither are eligible for the homestead exemption. Because nonresidents and residents are not treated differently, the Privileges and Immunities Clause is not implicated. See *Gilson, supra* at 49. Moreover, contrary to plaintiff's contention, § 1211 does not

"impose substantially the entire tax burden on nonresident property owners." Michigan residents who own recreational property in Leelanau County are subject to the school operating mills authorized by § 1211 just the same as nonresidents who own nonexempt property. Nonresidents do not pay taxes that are "more onerous in effect than those imposed under like circumstances upon citizens of [Michigan]." *Lunding, supra* at 774. See also *Rubin v Glaser*, 83 NJ 299, 307; 416 A2d 382 (1980). The trial court properly concluded that § 1211 does not violate the Privileges and Immunities Clause.

Next, plaintiff argues § 1211 violates the Equal Protection Clauses of the federal and state constitutions. Because this is also a constitutional issue, our review is again de novo. *Mahaffey, supra* at 334.

The United States Constitution, US Const, Am XIV, and the Michigan Constitution, Const 1963, art 1, § 2, guarantee equal protection of the law. The guarantees under both constitutions offer similar protection. *Doe v Dep't of Social Services*, 439 Mich 650, 670-671; 487 NW2d 166 (1992). The equal protection guarantee requires that persons similarly situated be treated the same. *El Souri v Dep't of Social Services*, 429 Mich 203, 207; 414 NW2d 679 (1987); *In re Hawley*, 238 Mich App 509; 606 NW2d 50 (1999).

The standard of review to be applied depends on the classification scheme of the challenged legislation. *Doe, supra* at 662. Strict scrutiny of a legislative classification is required " 'only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class.' " *Vargo v Sauer*, 457 Mich 49, 60; 576 NW2d 656 (1998), quoting *Massachusetts*

*Bd of Retirement v Murgia,* 427 US 307, 312; 96 S Ct 2562; 49 L Ed 2d 520 (1976). Contrary to plaintiff's assertion, this case does not involve either a fundamental right or a suspect classification. Accordingly, we apply the rational-basis standard of review. *Vargo, supra* at 60. A statute is upheld under this standard if it furthers a legitimate governmental interest and if the challenged classification is rationally related to achieving that interest. *Id.* Legislation challenged on equal protection grounds is accorded a presumption of constitutionality, and this Court's inquiry is restricted to the issue whether any state of facts either known or that could reasonably be assumed affords support for it. *Id.* at 61. This presumption of constitutionality is especially strong where tax legislation is concerned. *American Amusement Co, Inc v Dep't of Treasury,* 91 Mich App 573, 576; 283 NW2d 803 (1979).

We find that the distinction between homestead and nonhomestead property in § 1211 is supported by a rational basis. We agree with the trial court that the Legislature's interest in granting an exemption to homestead property is to protect and promote homestead property, see House Legislative Analysis, HB 5111 et al, March 1, 1994, which is a legitimate state interest. Moreover, decreasing the burden of property taxes on homesteads by granting an exemption from the property tax mills authorized under § 1211 is certainly rationally related to that legitimate state interest. See *Rubin, supra* at 309. The trial court properly found no equal protection violation.

Affirmed.