■ In the Matter of JERRY W. MARKHAM et al., Appellants-Respondents, v ALAN B. COMSTOCK, as Assessor of Town of Jerusalem, et al., Respondents-Appellants. ATTORNEY GENERAL OF STATE OF NEW YORK, Intervenor-Respondent. [708 NYS2d 674] —Order unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Petitioners, residents of North Carolina, commenced this proceeding pursuant to RPTL article 7 to challenge the increase in the assessed value of their summer residence on Keuka Lake for the 1999-2000 tax year. The first cause of action alleges that the assessment is excessive;

the second cause of action alleges that respondents acted in bad faith in increasing the assessed value of their property; and the third cause of action alleges that the school tax relief (STAR) exemption authorized by RPTL 425 is unconstitutional.

Supreme Court properly denied that part of respondents' motion seeking summary judgment dismissing the first cause of action. Respondents failed to demonstrate their entitlement to judgment as a matter of law with respect to that cause of action (*see, Matter of Bradley v Board of Assessment Review,* 198 AD2d 766, 767). Even assuming, arguendo, that respondents met their initial burden on the motion, we conclude that petitioners raised a triable issue of fact whether and to what extent the improvements to their property increased its market value (*see, Matter of Pezzo v Mazzetti,* 202 AD2d 935).

The court properly granted that part of respondents' motion seeking summary judgment dismissing the second cause of action. Whether respondents acted in bad faith in increasing the assessed value of petitioners' property has no bearing on the correctness of the assessment (*see, Blooming Grove Props. v Board of Assessors,* 34 AD2d 953; *Matter of Katz Buffalo Realty v Anderson,* 25 AD2d 809, 809-810).

The court erred, however, in granting that part of respondents' motion seeking summary judgment dismissing the third cause of action on the grounds that the court lacked jurisdiction over that cause of action and petitioners failed to join New York State as a party. Contrary to the court's determination, the Court of Claims is not the appropriate forum for litigating a constitutional challenge to the STAR exemption (*see, Cass v State of New York,* 58 NY2d 460, 463, *rearg denied* 60 NY2d 586). Rather, "a declaratory judgment action in the Supreme Court is an appropriate vehicle for challenging the constitutionality of a statute" (*Cass v State of New York, supra,* at 463). Further, it was the responsibility of the court rather than petitioners to provide notice to the Attorney General that the constitutionality of RPTL 425 was at issue (*see,* CPLR 1012 [b]; Executive Law § 71; *520 E. 81st Assocs. v Lenox Hill Hosp.,* 157 AD2d 138, 145, *revd on other grounds* 77 NY2d 944). Despite the court's failure to provide such notice to the Attorney General, we may address the constitutional issue because the Attorney General has exercised his right to intervene and submitted a brief responding to petitioners' constitutional challenges to RPTL 425 (*see, 520 E. 81st St. Assocs. v Lenox Hill Hosp., supra,* at 145; *Commissioner of Labor of State of N. Y. v Chudzik,* 124 AD2d 1035, 1036).

We reject petitioners' contention that the limitation of the

STAR exemption to property that "serve[s] as the primary residence of one or more of the owners thereof" (RPTL 425 [3] [b]) violates the Privileges and Immunities Clause of the United States Constitution (US Const, art IV, § 2). That limitation does not favor New York residents over nonresidents (*cf., City of New York v State of New York,* 94 NY2d 577). Rather, it distinguishes between property that serves as an owner's primary residence and property that does not and is unavailable with respect to property that is not the owner's primary residence whether the owner is a New York resident or not. Because New York residents and nonresidents are treated alike, the Privileges and Immunities Clause is not implicated (*see, Citizens for Uniform Taxation v Northport Pub. School Dist.,* 608 NW2d 480 [Mich App]; *Rubin v Glaser,* 83 NJ 299, 306-307, 416 A2d 382, 386-387, *appeal dismissed* 449 US 977; *cf., City of New York v State of New York, supra*).

We also reject petitioners' contention that the limitation of the STAR exemption to primary residences violates the Equal Protection Clause of the United States Constitution (US Const, 14th Amend, § 1). That limitation is rationally related to the State's legitimate interest in protecting and promoting the ownership of property that serves as primary residences, and furthers that interest by relieving the real estate tax burden on such ownership (*see, Citizens for Uniform Taxation v Northport Pub. School Dist., supra; Rubin v Glaser, supra,* 83 NJ, at 308-309, 416 A2d, at 387-388; *see generally, Port Jefferson Health Care Facility v Wing,* 94 NY2d 284). We therefore modify the order by denying that part of respondents' motion seeking summary judgment dismissing the third cause of action and granting judgment in favor of respondents on that cause of action declaring that RPTL 425 (3) (b), insofar as challenged by petitioners, is constitutional. (Appeals from Order of Supreme Court, Yates County, Falvey, J.—RPTL.) Present— Green, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.