WALTER TOEBE & COMPANY v. DEPARTMENT OF REVENUE.

1. TAXATION—DIFFERENCES BETWEEN STATE AND ITS SUBDIVISIONS—EXEMPTIONS.

Many basic differences exist between the State and its subdivisions that would justify the legislature's exempting the tax on materials used in constructing county, city, or village roads, while not exempting material used in construction of State roads.

2. SAME—CLASSIFICATION—COURTS—PUBLIC POLICY.

It is not the function of a court to consider the propriety or justice of a tax, to seek for the motives or to criticize the public policy which sustains the classification adopted, if there are substantial differences between the separate classifications.

3. SAME — ROAD CONSTRUCTION CONTRACTORS — STATE — ECONOMIC BURDEN.

A construction contractor with the State does not bear the economic burden of the use tax on materials used in construction of State roads, for although the contractor initially pays the tax, the State reimburses the contractor as he is paid for the work, and the tax is an element of the unit price in the bid.

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur, Taxation §§ 495, 500, 501, 504, 546, 557, 560–564.
[2] 51 Am Jur, Taxation § 340.
[3] 51 Am Jur, Taxation §§ 408–410.
   47 Am Jur, Sales and Use Taxes §§ 54, 55.
[4] 47 Am Jur, Sales and Use Taxes §§ 53, 56.
   51 Am Jur, Taxation §§ 557–564.
[5] 47 Am Jur, Sales and Use Taxes §§ 53, 56.
   51 Am Jur, Taxation §§ 223, 224, 236, 238.
[6] 51 Am Jur, Taxation § 173.
   16 Am Jur 2d, Constitutional Law §§ 494–497.
[7] 47 Am Jur, Sales and Use Taxes §§ 43, 53, 56.
   50 Am Jur, Statutes §§ 217, 223.
   16 Am Jur 2d, Constitutional Law §§ 181–185.
[8] 5 Am Jur 2d, Appeal and Error § 1009.

4. STATES—TAXATION—IMMUNITY—ARBITRARINESS.

A State in determining problems of intergovernmental tax immunities is dealing with its proper domestic concerns; its power to classify is extremely broad, and its discretion is limited only by constitutional rights and by the doctrine that a classification may not be palpably arbitrary.

5. SAME—TAXATION OF UNITED STATES PROPERTY—FAIR TREATMENT.

State taxation of those making private use of property of the United States government is subject to treatment as fair as that accorded those with whom the State deals itself.

6. STATUTES—CLASSIFICATION—BURDEN OF PROOF—ARBITRARINESS.

It is assumed that there was a sound basis in the reason for the legislature's classification in a statute, until the contrary is shown, the party assailing the classification having the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.

7. APPEAL AND ERROR—STATUTES—SEVERABILITY—TAXATION.

Plaintiffs' contention that the provisions of use tax act selectively removing the tax exemption formerly given to contractors with the United States and the State of Michigan are not severable, and that, therefore, when the amendment respecting contractors with the United States was held to be unconstitutional in a recent decision, the amendment respecting contractors with the State of Michigan also failed, *held*, without merit, there being no manifest intent of the legislature that the exceptions set forth be inseparable (CL 1948, § 8.5; CLS 1961, § 205.94; *Knapp-Stiles, Inc.*, v. *Department of Revenue*, 270 Mich 629).

8. COSTS—PUBLIC QUESTION—EXEMPTION FROM USE TAX—STATES — COUNTIES—MUNICIPAL CORPORATIONS

No costs are allowed in action for declaratory judgment that provision of use tax act exempting property used in construction of State roads but not property used in construction of roads for counties, cities, or villages (CLS 1961, § 205.94).

Appeal by leave granted prior to decision of Court of Appeals from Oakland; Beer (William John), J. Submitted November 10, 1966. (Calendar No. 13, Docket Nos. 51,430, 51,431.) Decided March 7, 1967. Rehearing denied April 10, 1967.

Complaint by Walter Toebe & Company, a Michigan corporation, against the Michigan Department of Revenue for a declaratory judgment to test the validity of CLS 1961, § 205.94, which imposed use taxes on certain construction materials. Similar complaint by Toebe-Hull Company, a copartnership composed of Walter Toebe & Company and C. A. Hull Co., a Michigan corporation, against the Department of Revenue. Judgments for plaintiffs, holding the section void. Causes consolidated for appeal. Defendant appeals. Reversed.

*George J. Fulkerson* (*Dennis E. Moffett,* of counsel), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *T. Carl Holbrook, William D. Dexter* and *Maurice Barbour,* Assistant Attorneys General, for defendant.

*Amici Curae: Carl H. Reynolds* and *Beaumont, Smith & Harris* (*Laurence A. Masselink,* of counsel).

KELLY, J. These two cases, consolidated for appeal, are for declaratory judgments concerning the constitutionality of section 4, subdivision (m) of P.A 1959, No 272,[1] under which there were assessed use taxes against plaintiffs, Walter Toebe & Company and Toebe-Hull Company.

The stipulation of facts pertaining to Walter Toebe & Company states that:

"While engaged as a road contractor in fulfillment of contracts with the Michigan State highway department during the calendar years 1961, 1962 and

---

[1] CLS 1961, § 205.94 (Stat Ann 1960 Rev § 7.555[4]).

1963, Walter Toebe paid certain use taxes through suppliers and also was assessed certain use taxes on purchases of personal property either used or consumed in said construction."

The above quoted stipulation is also made regarding the other plaintiff, except that Toebe-Hull also fulfilled a contract with the county of Wayne during the stated period.

The Oakland circuit judge held that section 4, subdivision (m) imposing a tax on contractors dealing with the State and exempting those dealing with local units of government, constituted discrimination contra to the constitutional provision that: "The legislature may by law impose specific taxes, which shall be uniform upon the classes upon which they operate." Article 10, § 4, Constitution of 1908 [Article 9, § 3, Constitution of 1963].

The use tax act was first enacted in 1937[2] and, as originally enacted, it set forth several categories of exemption, including the United States, the State and subdivisions, churches and schools (subdivisions [i] and [j] of section 4).

Section 4, subdivision (i) read:

"The tax hereby levied shall not apply to:  *  *  *
"Property sold to the United States, the State of Michigan, its departments or institutions, or any of its subdivisions."

PA 1949, No 273, § 4, subdivision (m), extended the exemption by providing that the tax should not apply to "property purchased by persons engaged in the business of constructing, altering, repairing, or improving real estate for others when property so purchased by such persons shall be affixed and made a structural part of real estate in the fulfill-

---

2 PA 1937, No 94 (CL 1948, § 205.91 et seq. [Stat Ann § 7.555(1) et seq.]).

ment of a contract" with the United States, the State of Michigan, its departments or institutions, or any of its subdivisions.

PA 1959, No 263, amended section 4, subdivision (m), eliminating the exemption on property purchased by contractors to fulfill construction contracts with the United States, and later that year the legislature by PA 1959, No 272 (the amendment now under consideration), eliminated the exemption on property purchased by a contractor whether the work was done for the United States or the State of Michigan.

In 1964, by Act No 164,[3] the legislature restored the exemption on property purchased by contractors in fulfilling their construction contracts with both the United States and the State of Michigan.

Contending that contractors are a separate class that was split by section 4, subdivision (m) into two parts, plaintiffs state:

"The use tax act did establish contractors as a separate class. However, section 4, subdivision (m) arbitrarily split that class into two parts thereby destroying the tax uniformity required so that the use tax was imposed on purchases of tangible personal property by contractors when they fulfilled their construction contracts with the State of Michigan but exempted contractors from the use tax on such purchases involving contracts with cities, villages, townships and counties of the State."

Appellant, contending that section 4, subdivision (m) meets constitutional requirements and that the Michigan legislature had the right to tax tangible personal property used in the construction of State highways and exempting tangible personal property

_____
[3] Amending CL 1948, § 205.94 (Stat Ann 1965 Cum Supp § 7.555 [4]).

used in constructing roads for counties, cities, and villages, states:

"The history of the exemptions from use tax as pertains to the construction industry unequivocally demonstrates that the exemption or lack of exemption with which we are here concerned, is one accorded to or denied a State or local governmental entity. The legislature has never sought, in either the sales or use tax statutes, to exempt, or to economically benefit by any exemption, persons such as the appellees who are private construction contractors engaged in activity for profit. To speak of commercial construction contractors as a class and to seek to identify the legislative power of exemption with these private enterprises completely misses the intent of the legislature in granting the exemption or lack of exemption complained of here. Furthermore, a construction contractor with the State does not bear the economic burden of the use tax. It is an element of the unit price in the bid. This raises a serious question of whether appellees have a justiciable issue to raise in these causes. The tax consequence of the lack of exemption here complained of is one borne by the sovereign State at the election of the legislature. * * *

"The subdivisions of the State of Michigan are on an entirely different legal, political and economic footing than the State of Michigan and its institutions. There exist many basic differences, in fact, which justify the exemption by the legislature of the purchase of material used by plaintiffs in constructing roads and streets for counties, cities, and townships, while taxing the purchase of tangible personal property used by them in constructing highways for the State of Michigan."

We have approved in *Rockwell Spring & Axle Company* v. *Romulus Township* (1962), 365 Mich 632, the right to exempt a tax on one division of government and not on another. The plaintiff in

*Rockwell* argued that by those leasing the facilities of Willow Run Airport, which were owned by a State supported educational institution, paying no tax, and by the plaintiff paying a tax on substantially identical facilities leased from the county of Wayne, the act was unconstitutional as lacking tax uniformity. This argument was unanimously rejected.

We agree with appellant that there exist many basic differences between the State and its subdivisions that would justify the legislature exempting the tax on materials used in constructing county, city, and village roads and not State roads, and we have stated in cases like the present that it is not the function of this Court to consider the propriety or justness of the tax, nor to criticize the public policy which led to adoption of the legislation. See *W. S. Butterfield Theatres, Inc.,* v. *Department of Revenue* (1958), 353 Mich 345.

The question presented is whether one group of contractors is favored over another group and is not whether the counties, cities, and villages are favored over the State.

Section 4, subdivision (m) did not designate one group of contractors that could bid on State construction work and another group for county, city, and village work. The stipulation of facts establishes that plaintiff Toebe-Hull fulfilled a contract with the State of Michigan and with the county of Wayne during the stated period.

The contractor engaged in construction activities for the State initially pays the use tax on the materials needed for such construction work, but the State reimburses the contractor as he is paid for the work, and we agree with defendant's claim that "a construction contractor with the State does not bear the economic burden of the use tax. It is an element of the unit price in the bid."

Plaintiff Toebe-Hull Company admits in the pleadings in this case that it considered the tax in computing its bid and thereby such tax was included in its contract price, but claims that this fact is neither "material or relevant to this case."[4]

Section 4, subdivision (m) did not "split that class [contractors] into two parts," as appellees contend. It only split the property purchased in two parts— the property purchased for State construction and the property purchased for completing work for subdivisions of the State of Michigan.

Plaintiffs in this present appeal and *Amici Curiae* claim that:

(1) *Knapp-Stiles, Inc.,* v. *Department of Revenue* (1963), 370 Mich 629, is controlling;

(2) "The provisions of section 4, subdivision (m) as amended by PA 1959, No 272, selectively removing the tax exemption formerly given to contractors with the United States and the State of Michigan are not severable. Consequently, when the amendment respecting contractors with the United States was held to be unconstitutional in *Knapp-Stiles, Inc.,* the amendment respecting contractors with the State of Michigan also failed."

*Knapp-Stiles, Inc.,* v. *Department of Revenue, supra,* is not controlling, as the only question there decided was the State's right to impose a tax on property used by contractors in fulfilling contracts with the United States while exempting like contracts with subdivisions of the State.

The distinction between the question presented in that case and the instant case has been established in several United States Supreme Court decisions and in *Knapp-Stiles* we cited *Phillips Chemical Co.* v. *Dumas Independent School District* (1960), 361

---

[4] Defendant's affirmative defense, paragraph 3, page 8a of appendix; plaintiff's reply to defendant's affirmative defense, paragraph 3, page 12a of appendix.

US 376 (80 S Ct 474, 4 L ed 2d 384), where it was said (p 385):

"We have made it clear, in the equal protection cases, that our decisions in that field are not necessarily controlling where problems of intergovernmental tax immunity are involved. In *Allied Stores of Ohio, Inc.,* v. *Bowers,* 358 US 522, (79 S Ct 437, 3 L ed 2d 480), for example, we noted that the State was 'dealing with [its] proper domestic concerns, and not trenching upon the prerogatives of the National government.' 358 US at 526. When such is the case, the State's power to classify is, indeed, extremely broad, and its discretion is limited only by constitutional rights and by the doctrine that a classification may not be palpably arbitrary. *Id.,* at 526–528. But where taxation of the private use of the government's property is concerned, the government's interests must be weighed in the balance. Accordingly, it does not seem too much to require that the State treat those who deal with the government as well as it treats those with whom it deals itself."

PA 1945, No 119 (CL 1948, § 8.5 [Stat Ann 1961 Rev § 2.216]), sets forth the rule of construction in Michigan concerning "severability," as follows:

"In the construction of the statutes of this State the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature, that is to say:

"If any portion of an act or the application thereof to any person or circumstances shall be found to be invalid by a court, such invalidity shall not affect the remaining portions or applications of the act which can be given effect without the invalid portion or application, provided such remaining portions are not determined by the court to be inoperable, and to this end acts are declared to be severable."

There being no "manifest intent of the legislature" that the exceptions set forth in section 4, subdivision (m) be inseparable, plus the fact that the invalidation of one exception by *Knapp-Stiles* in no way affects the operability of the others, we must reject plaintiffs' claim in re "severability."

Applying established principles to determine issues such as here presented, this Court assumes "there was a sound basis in the reason for the legislature's classification until the contrary is shown, and one who assails such classification must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary."[5]

We conclude that plaintiffs have failed to meet this test and that there is no basis for the legal contentions advanced by plaintiffs-appellees and adopted by the lower court.

Therefore, the judgment of the lower court is reversed and section 4, subdivision (m), of the Michigan use tax act (PA 1937, No 94, as amended by PA 1959, No 272) was constitutional, as it related to contracts with the State of Michigan.

No costs, a public question being involved.

DETHMERS, C. J., and BLACK, SOURIS, O'HARA, and ADAMS, JJ., concurred with KELLY, J.

T. M. KAVANAGH, J., concurred in the result.

BRENNAN, J., took no part in the decision of this case.

---

[5] *City of Lansing* v. *Township of Lansing* (1959), 356 Mich 641, 650, 651.