DAVIS v DEPARTMENT OF TREASURY

Docket No. 88776. Submitted January 12, 1987, at Lansing. Decided May 5, 1987. Leave to appeal applied for.

Paul S. Davis filed amended Michigan income tax returns for the years 1979 through 1984, seeking refunds on the basis that his federal retirement benefits should not be subject to the Michigan income tax. When his requests for refunds were denied, Davis commenced an action to secure such refunds in the Court of Claims against the Michigan Department of Treasury. Davis claimed that the federal retirement benefits were not taxable because the retirement benefits of State of Michigan employees were not taxable; accordingly, the disparate treatment of the federal retirement benefits was violative of the federal consent to tax statute and that disparate treatment constituted an impermissible burden on federal activities. The Court of Claims, James R. Giddings, J., granted defendant's motion for summary disposition, finding that the State of Michigan could lawfully tax plaintiff's federal retirement benefits while providing that the benefits payable under the state's retirement system were not subject to state income taxation. Plaintiff appealed.

The Court of Appeals *held:*

1. The federal statute in which the United States consented to the state taxation of the pay or compensation of United States government officers and employees was conditional upon the state system of taxation being such as to "not discriminate against the officer or employee because of the source of the pay or compensation." Since that statute specifically refers to federal government employees, it is not applicable to the present situation, since a retired federal employee is not a federal employee but is rather an annuitant.

2. Exempting state retirement benefits from state taxation while not extending that tax treatment to persons receiving retirement benefits from other sources, including the federal

REFERENCES

Am Jur 2d, State and Local Taxation §§ 474, 493, 508.
See the annotations in the Index to Annotations under Pension and Retirement.

civil service retirement system, bears a rational relationship to a legitimate state purpose. Accordingly, it is not deemed to unduly burden the activities of the federal government.

Affirmed.

1. TAXATION — INCOME TAX — FEDERAL EMPLOYEES — RETIREMENT BENEFITS — STATE EMPLOYEES.

The term "employee" as used in the federal statute by which the federal government consented to state income taxation of its officers and employees refers to those currently employed and does not refer to persons who have retired from federal government employment; accordingly, that act does not prohibit a state from taxing the retirement benefits of a federal retiree while not taxing the retirement benefits of a state retiree (4 USC 111).

2. TAXATION — INCOME TAX — RETIREMENT BENEFITS — FEDERAL EMPLOYEES — STATE EMPLOYEES — EQUAL PROTECTION.

The Michigan income tax system whereby recipients of retirement benefits under the state employees retirement plan do not have to pay state income taxes on those retirement benefits while all other retirees are subject to such taxation does not unduly burden the activities of the federal government, since there is no denial of equal protection in that the classification system bears a rational relationship to a legitimate state purpose (MCL 206.30; MSA 7.557[130]).

Paul S. Davis, in propria persona.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Robert C. Ward, Jr.,* Assistant Attorneys General, for defendant.

Before: D. E. HOLBROOK, JR., P.J., and WAHLS and G. W. CROCKETT, III,* JJ.

G. W. CROCKETT, III, J. Plaintiff appeals as of right from the order of the Court of Claims granting summary disposition to the Michigan Department of Treasury pursuant to MCR 2.116(I)(2) .

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

The court upheld the department's decision to deny plaintiff an income tax refund in the amount of $4,299.53, for the tax years 1979 through 1984, finding that the taxation of plaintiff's federal retirement benefits was lawful.

The facts necessary for the resolution of this appeal are undisputed. Plaintiff is a resident of Michigan and retired federal government employee who receives federal civil service retirement benefits pursuant to 5 USC 8331 *et seq.* The issue on appeal is whether the Michigan Department of Treasury has the authority to impose an income tax on plaintiff's federal retirement benefits. Under the Michigan Income Tax Act, MCL 206.1 *et seq.*; MSA 7.557(101) *et seq.*, plaintiff was permitted to deduct from his taxable Michigan income no more than $7,500 of the amount he received in federal retirement benefits. MCL 206.30; MSA 7.557(130). By comparison, the same statutory provision permits state retirees receiving benefits from a public retirement system of the state or its political subdivisions to deduct retirement benefits in full. It is this differing tax treatment of retirement benefits which forms the basis of plaintiff's refund claims.

In 1984, plaintiff filed amended income tax returns for the tax years 1979 through 1982, claiming that he was entitled to a refund because his federal retirement benefits were allegedly not subject to income taxation by the State of Michigan. Plaintiff's refund requests were denied and he filed a complaint in the Court of Claims. Refund requests for tax years 1983 and 1984 were later added to the complaint by consent. Plaintiff asserted that the state tax was discriminatory as to source and therefore unlawful under federal law. The Court of Claims rejected plaintiff's arguments

and granted summary disposition to the department.

The department's authority to impose a tax on retirement benefits under Michigan law is provided for in MCL 206.30; MSA 7.557(130). As amended in 1984, the statute provides in relevant part:

> (h) Deduct to the extent included in adjusted gross income:
>
> (i) Retirement or pension benefits received from a public retirement system of or created by an act of this state or a political subdivision of this state.
>
> (ii) Any retirement or pension benefits received from a public retirement system of or created by another state or any of its political subdivisions if the income tax laws of the other state permit a similar deduction or exemption or a reciprocal deduction or exemption of a retirement or pension benefit received from a public retirement system of or created by this state or any of the political subdivisions of this state.
>
> (iii) Social security benefits as defined in section 86 of the internal revenue code.
>
> (iv) Retirement or pension benefits from any other retirement or pension system as follows:
>
> (A) For a single return, the sum of not more than $7,500.00.
>
> (B) For a joint return, the sum of not more than $10,000.00.

The State Employees' Retirement Act, MCL 38.1 *et seq.*; MSA 3.981(1) *et seq.*, which predates the MITA, also exempts from taxation the right of a person to a pension or retirement allowance accruing pursuant to the act. Further, the Michigan Constitution provides that the accrued financial benefits of each pension plan and retirement system of this state and its political subdivisions are declared to be contractual obligations thereof

which cannot be diminished or impaired. Const 1963, art 9, § 24. Michigan law does not extend similar status to federal pensions.

Initially, plaintiff argues on appeal that the Federal Public Salary Act of 1939 as amended, 4 USC 111, prohibits the discriminatory tax treatment of federal pensions which allegedly is present in the MITA. That federal statute provides:

> The United States consents to the taxation of pay or compensation for personal service as an officer or employee of the United States, a territory or possession or political subdivision thereof, the government of the District of Columbia, or an agency or instrumentality of one or more of the foregoing, by a duly constituted taxing authority having jurisdiction, *if the taxation does not discriminate against the officer or employee because of the source of the pay or compensation.* [Emphasis added.]

The Court of Claims in this case determined that plaintiff was not an employee within the meaning of the above statute and therefore was not entitled to its protection. Plaintiff contends on appeal that the statute embraces both present and former employees. We agree with the Court of Claims.

By enacting 4 USC 111, Congress intended that federal employees should contribute to the support of their state and local governments, which confer upon them the same privileges and benefits which are accorded to persons engaged in private occupations. *United States v City of Pittsburgh,* 757 F2d 43 (CA 3, 1985). However, § 111 limits its coverage to federal officers or employees. The term employee has been defined as embracing only those who work for another for hire. *Allied Chemical & Alkali Workers of America v Pittsburgh Plate Glass Co,* 404 US 157; 92 S Ct 383; 30 L Ed 2d 341

(1971). Further, it has been held that a retired federal civil service employee is not to be considered an employee for civil service purposes. See *Lancellotti v Office of Personnel Management,* 704 F2d 91 (CA 3, 1983).

In this case, plaintiff's status as a retired federal employee is clearly not one who works for hire. Under the federal civil service retirement act, 5 USC 8331 *et seq.,* which governs plaintiff's retirement benefits, plaintiff is an annuitant. An annuitant is defined in 5 USC 8331(9) as a *former* employee who meets all the requirements to receive an annuity. Further, unlike the treatment of pension rights under the Michigan retirement system, a federal worker's pension rights are not treated as contractual obligations. Rather, their entitlement to retirement benefits must be determined from the statute and regulations which govern them, in this case 5 USC 8331 *et seq.; Zucker v United States,* 758 F2d 637 (CA DC, 1985), cert den — US —; 106 S Ct 129; 88 L Ed 2d 105 (1985).

However, plaintiff contends that he should be treated as an employee for purposes of 4 USC 111, despite his retirement status, because his retirement benefits constitute a form of deferred compensation. While the legislative history of the federal civil service retirement act lends some support to plaintiff's argument, we are still unpersuaded. The federal civil service retirement plan was enacted with the purpose of establishing a deferred compensation plan to allow the federal government to compete with the private sector by offering an attractive retirement plan to federal employees. *Clark v United States,* 691 F2d 837, 842 (CA 7, 1982). Both the employee and the government contribute to the retirement fund. The eventual annuity that the retired employee re-

ceives is directly related to his earnings and years of service. See *Hogan v United States,* 513 F2d 170 (CA 6, 1975), cert den 423 US 836; 96 S Ct 62; 46 L Ed 2d 55 (1975). However, by statute, an annuitant is not considered an employee at the time he receives his annuity payments. Additionally, plaintiff has failed to show any express legislative intent or case authority to give a broad construction to the term employee as contained in 4 USC 111 to encompass retired employees. Indeed, we believe that had Congress so intended it would have clearly so provided. Therefore, we conclude, as did the Court of Claims, that 4 USC 111 has no application to plaintiff, since plaintiff cannot be considered an employee within the meaning of that act. Accordingly, the taxation of plaintiff's retirement benefits was not a violation of 4 USC 111.

Plaintiff also argues that, under general federal case law, the imposition of a Michigan income tax on his federal retirement benefits is unlawful because it discriminates by source and burdens federal government activities. We cannot agree.

It is generally recognized that a tax may be held invalid, even if the tax burden does not fall directly on the United States, if it operates to discriminate against the federal government and those with whom it deals. See *Memphis Bank & Trust Co v Garner,* 459 US 392; 103 S Ct 692; 74 L Ed 2d 562 (1983). In determining the legality of statutory classifications which make a distinction between federal and nonfederal pensioners, an equal protection analysis has been applied. See *Clark v United States, supra.* The equal protection clause requires like treatment for persons similarly situated. However, a statute will be upheld against an equal protection attack if the distinctions bear a rational relationship to a legitimate

state end. See *In re Contempt of Stone,* 154 Mich App 121; 397 NW2d 244 (1986). In this case, as the party challenging the classification, plaintiff has the burden of showing that the classification is without any reasonable justification. *Halstead v City of Flint,* 127 Mich App 148; 338 NW2d 903 (1983), lv den 418 Mich 915 (1984). We do not believe that plaintiff has satisfied his burden in this case.

Under the Michigan income tax system, a class distinction is made between state retirees and all other retirees, including federal retirees. In our opinion, the attracting and retaining of qualified employees is a legitimate state objective which is rationally achieved by a retirement plan offering economic inducements.. One such inducement to state employees is tax exempt status for their retirement benefits. The State of Michigan, as an employer, owes a special responsibility to its employees, which it does not owe to federal employees. The full tax exemption permitted by the MITA is simply intended to recognize that income tax exemption is an integral part of the retirement benefits conferred upon state employees. There is no indication that the MITA is aimed at discriminating against retirees by the source of their retirement benefits. Consequently, even if state and federal retirees are similarly situated, the state objective, as evidenced from the statutory scheme, is rational.

We also find that plaintiff's reliance on *Memphis Bank & Trust Co v Garner, supra,* is misplaced. In that case, the Supreme Court held invalid a Tennessee statute taxing bank earnings, which was defined to include interest on United States obligations but did not include interest on state obligations. However, in that case the Court was interpreting a federal statute which provided for a

broad exemption of federal obligations from state and local taxation. 31 USC 742. In this case, plaintiff can point to no statutory authority which prohibits the State of Michigan from taxing his retirement benefits.

Accordingly, we hold that the Court of Claims did not err in granting summary disposition to defendant and denying plaintiff's claim for an income tax refund.

Affirmed.