DAVIS v DEPARTMENT OF TREASURY (ON REMAND)

Docket No. 117204. Submitted May 8, 1989, at Lansing. Decided August 21, 1989.

Paul S. Davis, a retired federal government employee, brought an action in the Court of Claims seeking a refund of state income taxes paid on his federal retirement benefits claiming that the state impermissibly discriminates against retired federal governmental employees by entirely excluding from taxation retirement and pension benefits realized by state and local government employees but partially taxing those benefits realized by retired federal employees. Defendant, the Michigan Department of Treasury, moved for summary disposition and the court, James R. Giddings, J., granted the motion. Plaintiff appealed and the Court of Appeals affirmed, holding that there was no impermissible discrimination. 160 Mich App 98 (1987). The Michigan Supreme Court then denied leave to appeal from that decision. 429 Mich 854 (1987). The United States Supreme Court thereafter reversed the judgment of the Court of Appeals and remanded to the Court of Appeals for further proceedings, finding that the Income Tax Act unconstitutionally favored retired state and local governmental employees over retired federal employees. 489 US —; 109 S Ct 1500; 103 L Ed 2d 891 (1989).

The Court of Appeals, on remand, held:

1. Equitable considerations favor an extension of the more favorable treatment for retired state and local governmental employees contained in MCL 206.30(1)(f)(i); MSA 7.557(130)(1)(f)(i) to retired federal government employees.

2. Section 30(1)(f)(iv), to the extent that it applies to retired federal employees, may be severed from the remainder of the statute. Retired federal employees must receive the same tax treatment afforded state and local government employees in subparagraph (i). The remainder of § 30(1)(f) is not inoperable.

3. The precedential benefit of this decision is limited to the

REFERENCES

Am Jur 2d, State and Local Taxation § 508.
See the Index to Annotations under Pension and Retirement; Taxes.

tax liability of those retired federal employees who fall within the rule of law announced by the United States Supreme Court in its decision in this case. Benefits of private-sector employees remain subject to the provisions of subparagraph (iv). Plaintiff's prospective tax liability shall be calculated consistent with the provisions of this opinion relating to retired federal government employees.

Remanded.

1. TAXATION — INCOME TAX — RETIREMENT BENEFITS — STATE EM-
PLOYEES — FEDERAL EMPLOYEES — EQUAL PROTECTION.

Section 30(1)(f)(i) and (iv) of the Income Tax Act which excludes from taxation the retirement and pension benefits realized by state and local government employees while, at the same time, partially taxing those benefits realized by retired federal government employees unconstitutionally favors retired state and local government employees over retired federal government employees; § 30(1)(f)(iv), to the extent that it applies to retired federal employees, may be severed from the remainder of the statute; equitable considerations favor as a remedy an extension of the more favorable treatment to the retired federal employees rather than the removal of the beneficial treatment from the retired state and local government employees (MCL 206.30[1][f][i] and [iv]; MSA 7.557[130][1][f][i] and [iv]).

2. CONSTITUTIONAL LAW — REMEDIES.

A constitutional infringement may be remedied in one of two ways: (1) the benefits of the favored class may be extended to the disfavored class, or (2) the favored class may be reduced to the level of benefits enjoyed by the disfavored class; extension of the benefits to the disfavored class is the preferred means of redress; the choice of the means of redress is to be made with an aim to achieve the outcome most amenable to the Legislature's overall purpose in enacting the unconstitutional infringement.

Paul S. Davis, in propria persona.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas L. Casey* and *Ross H. Bishop,* Assistant Attorneys General, for defendant.

Before: HOLBROOK, JR., P.J., and WAHLS and MACKENZIE, JJ.

HOLBROOK, JR., P.J. This case is on remand from the United States Supreme Court. In our initial decision, we held that § 30(1)(f) of the state Income Tax Act did not impermissibly discriminate against retired federal governmental employees by entirely excluding from taxation retirement and pension benefits realized by state and local government employees but, at the same time, partially taxing those benefits realized by most other retired employees, including retired federal employees. *Davis v Dep't of Treasury*, 160 Mich App 98; 408 NW2d 433 (1987), lv den 429 Mich 854 (1987). Relying on the doctrine of intergovernmental tax immunity and its statutory embodiment in 4 USC 111, the United State Supreme Court reversed our judgment, holding instead that the statutory classifications created by § 30(1)(f) unconstitutionally favored retired state and local governmental employees over retired federal employees. *Davis v Michigan Dep't of Treasury*, 489 US —; 109 S Ct 1500; 103 L Ed 2d 891; (1989). After directing that plaintiff receive a refund for overpayment of taxes resulting from this disparate treatment, the Court outlined a further question of remedy and reserved its resolution for our attention:

> Appellant also seeks prospective relief from discriminatory taxation. With respect to this claim, however, we are not in the best position to ascertain the appropriate remedy. While invalidation of Michigan's income tax law in its entirety obviously would eliminate the constitutional violation, the Constitution does not require such a drastic solution. We have recognized, in cases involving invalid classifications in the distribution of government benefits, that the appropriate remedy "is a *mandate* of equal treatment, a result that can be accomplished by withdrawal of benefits from the favored class as well as by extension of benefits to the excluded class." *Heckler v Mathews*, 465 US

728, 740 [104 S Ct 1387; 79 L Ed 2d 646] (1984). See [*Iowa-Des Moines National Bank v Bennett,* 284 US 239, 247; 52 S Ct 133; 76 L Ed 265 (1931)]; see also *Welsh v United States,* 398 US 333, 361 [90 S Ct 1792; 26 L Ed 2d 308] (1970) (Harlan, J., concurring in judgment).

In this case, appellant's claim could be resolved either by extending the tax exemption to retired federal employees (or to all retired employees), or by eliminating the exemption for retired state and local government employees. The latter approach, of course, could be construed as the direct imposition of a state tax, a remedy beyond the power of a federal court. See *Moses Lake Homes, Inc v Grant Co,* 365 US [744, 752; 81 S Ct 870; 6 L Ed 2d 66 (1961)] ("Federal courts may not assess or levy taxes"). The permissibility of either approach, moreover, depends in part on the severability of a portion of § 206.30(1)(f) from the remainder of the Michigan Income Tax Act, a question of state law within the special expertise of the Michigan courts. See *Louis K Liggett Co v Lee,* 288 US 517, 540-541 [53 S Ct 481; 77 L Ed 929] (1933). It follows that the Michigan courts are in the best position to determine how to comply with the mandate of equal treatment. The judgment of the Court of Appeals is reversed, and the case remanded for further proceedings not inconsistent with this opinion. [*Id.,* 109 S Ct 1509; 103 L Ed 2d 906-907.]

The invalidated statutory tax provision is § 30 of the tax act, MCL 206.30; MSA 7.557(130), which provides in pertinent part:

(1) "Taxable income" in the case of a person other than a corporation, estate, or trust means adjusted gross income as defined in the internal revenue code subject to the following adjustments:

* * *

(f) Deduct to the extent included in adjusted gross income:

(i) Retirement or pension benefits received from

a public retirement system of or created by an act of this state or a political subdivision of this state.

(ii) Any retirement or pension benefits received from a public retirement system of or created by another state or any of its political subdivisions if the income tax laws of the other state permit a similar deduction or exemption or a reciprocal deduction or exemption of a retirement or pension benefit received from a public retirement system of or created by this state or any of the political subdivisions of this state.

(iii) Social security benefits as defined in section 86 of the internal revenue code.

(iv) Retirement or pension benefits from any other retirement or pension system as follows:

(A) For a single return, the sum of not more than $7,500.00.

(B) For a joint return, the sum of not more than $10,000.00.

(v) The amount determined to be the section 22 amount eligible for the elderly and permanently and totally disabled credit provided in section 22 of the internal revenue code.[1] [2]

As stated in the remand direction, a constitutional infringement resulting from impermissible statutory classifications may be remedied in one of two ways: (1) the benefits of the favored class provided in subparagraph (i) may be extended to the disfavored class, or (2) the favored class may be reduced to the level of benefits enjoyed by the disfavored class. See *Day v W A Foote Memorial Hosp,* 412 Mich 698; 316 NW2d 712 (1982); *Califano v Westcott,* 443 US 76, 89-93; 99 S Ct 2655; 61

[1] Although some statutory wording has changed in form since the taxable events at issue in this appeal, the changes are without significance to resolution of the issue now before us. The statutory provision is quoted in its present form.

[2] As a retired federal employee, plaintiff's deduction was governed by subparagraph (iv) of the invalidated scheme, and he paid income tax on those benefits in excess of the statutory ceilings contained in that subparagraph.

L Ed 2d 382 (1979). Phrased with reference to this particular case, the remedial choice presented to this Court is (1) to hold that the retirement benefits of plaintiff and other similarly situated federal employees are entitled to the same favorable tax treatment as their state and local counterparts, or (2) to hold that retired state and local employees must be taxed in the same fashion as their federal counterparts, i.e., by deducting retirement or pension benefits only to the extent of $7,500 for a single return or $10,000 for a joint return, as provided in subparagraph (iv). In *Day,* our Supreme Court noted that this choice is to be made with an aim to achieve "the outcome most amenable to the state Legislature's overall purpose." *Id.,* p 703. In other words, what would the enacting Legislature have done if it had known that its statute was flawed by the unconstitutional classification?

Ordinarily, extension of the benefit to the disfavored class is the preferred means of redress. *Califano, supra,* pp 89-90. This approach avoids the hardship that would ensue if, instead, the favored class is made to do without its accustomed beneficial treatment. In the instant case, the state's position favoring extension is based in large measure on the deleterious effect that the opposite approach—withdrawal of benefits from retired state and local employees—would have on the reliance interests and financial well-being of those employees. Not surprising in view of his own self-interest, plaintiff concurs in the state's position. We also agree that equitable considerations favor an extension of the more favorable treatment in § 30(1)(f)(i) to the retired federal employees. We do not believe that the Legislature would have chosen differently if confronted with this question. Of

course, if the Legislature disagrees with our resolution of this remand, it is free to amend the statutory scheme in a manner consistent with the dictates of the Supreme Court's *Davis* decision and the doctrine of intergovernmental tax immunity.

In so deciding, we have no difficulty concluding that § 30(1)(f)(iv), to the extent that it applies to retired federal employees, may be severed from the remainder of the statute. Retired federal employees are a relatively small portion of those persons whose income tax liability is affected by § 30(1)(f). Holding that those federal employees must receive the same tax treatment afforded state and local government employees in subparagraph (i) until such time that the Legislature undertakes appropriate statutory revisions does not render the statutory framework of § 30(1)(f) inoperable. Nor do we discern any contrary "manifest intent of the legislature." MCL 8.5; MSA 2.216. See *Walter Toebe & Co v Dep't of Revenue,* 378 Mich 617, 624-626; 148 NW2d 775 (1967); *American Youth Foundation v Benona Twp,* 37 Mich App 722; 195 NW2d 304 (1972), lv den 387 Mich 782 (1972).

We wish to unequivocally indicate that the precedential benefit of this decision is limited to the tax liability of those retired federal employees who fall within the rule of law announced in the United States Supreme Court's decision in *Davis*. Benefits of private-sector employees remain subject to the provisions of subparagraph (iv).

We grant plaintiff declaratory relief that his prospective tax liability shall be calculated consistent with the provisions of this opinion relating to retired federal employees.

Remanded.