GILSON v DEPARTMENT OF TREASURY

Docket No. 167283. Submitted August 1, 1995, at Grand Rapids. Decided January 12, 1996, at 9:20 A.M.

Robert L. and Kay L. Gilson brought an action in the Court of Claims against the Department of Treasury, alleging that § 30(1)(f) of the Michigan Income Tax Act, MCL 206.30(1)(f); MSA 7.557(130)(1)(f), violates the United States Constitution because it excludes from taxable income the entire pension income received by retirees from Michigan public retirement systems and from other states' public retirement systems that permit a similar deduction, exemption, or reciprocal deduction of Michigan public retirement pension income but does not exclude from taxable income public pension benefits from states, such as Ohio, with no reciprocal deduction for Michigan public retirees' pension income. The plaintiffs, who became Michigan residents after Robert Gilson retired from his employment as a judge in Ohio, receive public pension retirement benefits from Ohio and were not permitted to deduct that income from their taxable income under the Michigan Income Tax Act. The Court of Claims, Carolyn Stell, J., granted partial summary disposition for the plaintiffs, finding a violation of the federal constitution's Equal Protection Clause and Privileges and Immunities Clause, and partial summary disposition for the defendant, finding that the statute of limitation in MCL 205.27a(6); MSA 7.657(27a)(6) barred the plaintiffs from obtaining a tax refund. The defendant appealed and the plaintiffs cross appealed.

The Court of Appeals *held:*

1. Challenges under the Privileges and Immunities Clause, US Const, art IV, § 2, examine whether a restriction deprives nonresidents of a privilege or immunity protected by the clause. Here, because the challenged tax does not treat residents and nonresidents differently, any analysis under that clause is inappropriate. The Court of Claims' assertion that § 30(1)(f) may impede interstate travel does not support the

REFERENCES
Am Jur 2d, Constitutional Law §§ 713-717.
See ALR Index under Privileges and Immunities.

conclusion that the tax exemption treats nonresidents differently. Section 30(1)(f) does not violate US Const, art IV, § 2. The Court of Claims' determination that it did violate art IV, § 2 must be reversed.

2. The plaintiffs are not situated similarly to Michigan public retirees or the retirees from a state that provides an exemption from its state income tax for Michigan public retirees. A rational basis underlies different treatment for these different classes of retirees. The plaintiffs were not denied equal protection of the law, US Const, art XIV, § 1. The Court of Claims' determination that were denied equal protection must be reversed.

3. Section 30(1)(f) does not impinge upon the fundamental right of interstate travel.

4. The Court of Claims erred in finding that the decision in *Davis v Michigan Dep't of Treasury,* 489 US 803 (1989), was binding upon this dispute. *Davis* dealt with the application of § 30(1)(f) to retired federal employees.

Reversed.

1. TAXATION — INCOME TAX — CONSTITUTIONAL LAW — PUBLIC RETIREMENT SYSTEMS.

Section 30(1)(f) of the Michigan Income Tax Act, which excludes from taxable income the entire pension income received by retirees from Michigan public retirement systems and from other states' public retirement systems that permit a similar deduction, exemption, or reciprocal deduction of Michigan public retirement pension income, but does not exclude public pension benefits from a state with no reciprocal deduction for Michigan public retirees, is constitutional and does not violate the Privileges and Immunities Clause or the Equal Protection Clause of the United States Constitution or the right to interstate travel; a rational basis exists for the legislation (US Const, art IV, § 2, art XIV, § 1; MCL 206.30[1][f]; MSA 7.557[130][1][f]).

2. CONSTITUTIONAL LAW — PRIVILEGES AND IMMUNITIES CLAUSE — NONRESIDENTS.

Challenges under the Privileges and Immunities Clause of the United States Constitution examine whether a restriction deprives nonresidents of a privilege or immunity protected by the clause (US Const, art IV, § 2).

*Kendricks, Bordeau, Adamini, Keefe, Smith, Girard & Seavoy, P.C.* (by *Tami M. Seavoy* and *Kenneth J. Seavoy*), for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Ross H. Bishop* and *Russell E. Prins,* Assistant Attorneys General, for the defendant.

Before: BANDSTRA, P.J., and MARKEY and J. T. HAMMOND,* JJ.

PER CURIAM. Defendant appeals as of right from a ruling of the Court of Claims and presents this Court with the following issues of first impression: Does § 30(1)(f) of the Michigan Income Tax Act, MCL 206.30(1)(f); MSA 7.557(130)(1)(f), violate the Privileges and Immunities Clause, US Const, art IV, § 2, the dormant Commerce Clause, US Const, art I, § 8, and the Equal Protection Clause, US Const, art XIV, § 1, of the United States Constitution because it excludes from taxable income the entire pension income received by retirees from Michigan public retirement systems *and* from other states' public retirement systems that permit a similar deduction, exemption, or reciprocal deduction of Michigan public retirement pension income, but does not exclude plaintiffs' public pension benefits from Ohio, a state with no reciprocal deduction for Michigan public retirees? The Court of Claims held that defendant's refusal to exempt from taxable income plaintiffs' public pension arising from Robert Gilson's employment as an Ohio judge because of the lack of a reciprocal tax exemption in that state's tax code for Michigan public pension income violated the Equal Protection and Privileges and Immunities Clauses. Plaintiffs also cross appeal from the Court of Claims' ruling that the statute of limitation contained in MCL 205.27a(6); MSA 7.657(27a)(6) barred plaintiffs from obtaining a tax refund. Find-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ing no constitutional violation, we reverse the judgment of the Court of Claims to the extent it allows plaintiffs any recovery.

The facts necessary for the resolution of this case are not disputed. Plaintiff Robert L. Gilson was employed as a judge in Ohio for over twenty years. In his retirement, he and his wife moved to Michigan and are residents of this state. Plaintiffs receive public pension retirement benefits from Ohio and seek to have those pension benefits deducted from their taxable income under § 30(1)(f)(ii) of the Michigan Income Tax Act (MITA), MCL 206.30(1)(f)(ii); MSA 7.557(130)(1)(f)(ii). Under § 30(1)(f)(iv), MCL 206.30(1)(f)(iv); MSA 7.557(130)(1)(f)(iv), plaintiffs were permitted to deduct from their taxable Michigan income no more than $10,000 of the Ohio retirement benefits they received. By comparison, § 30(1)(f)(i) and (ii) permit retirees receiving benefits from a public retirement system in Michigan or in other states with reciprocal deductions or exemptions for Michigan public retirees to deduct the full amount of their retirement benefits. Plaintiffs' appeal addresses that amount of their Ohio public retirement benefits exceeding $10,000 that is not deductible from their taxable income under the MITA.

Plaintiffs filed amended income tax returns for the tax years 1986 through 1990,[1] claiming that they were entitled to a refund of $3,268.30 on the basis of the United States Supreme Court's decision in *Davis v Michigan Dep't of Treasury,* 489 US 803; 109 S Ct 1500; 103 L Ed 2d 891 (1989), where the Supreme Court held that the MITA's

---

[1] The amended tax returns attached to plaintiffs' complaint were not dated, and this Court finds no evidence in the lower court file to confirm the filing date. On the basis of the hearing referee's report regarding the October 1991 administrative hearing held in this matter, we believe that defendant denied plaintiffs' refund claims on the basis of that version of the MITA in effect on January 28, 1991.

§ 30(1)(f) was invalid because it violated principles of intergovernmental tax immunity by favoring retired state employees over retired federal employees, i.e., federal retirees' pension benefits. See also *Davis v Dep't of Treasury (On Remand)*, 179 Mich App 683; 446 NW2d 531 (1989) (extending the same tax exemption to federal and state retirees). Plaintiffs' refund requests were denied because the Department of Treasury viewed the *Davis* decisions as applicable only to federal employees' pension benefits.[2]

Plaintiffs filed a complaint in the Court of Claims asserting that § 30(1)(f) violated the Privileges and Immunities Clause, the dormant Commerce Clause, and the Equal Protection Clause of the federal constitution. In ruling upon the parties' motions for summary disposition, the Court of Claims agreed with plaintiffs, citing as their strongest argument the MITA's interference with the right to interstate travel: "To suggest that a retiree must pick and choose among the states in which he or she might wish to retire by examining their tax treatment of the pension certainly would have a chilling effect upon the right to travel." The Court of Claims also held, however, that the ninety-day limitation period in MCL 205.27a(6); MSA 7.657(27a)(6) was constitutionally sound. Thus, only plaintiffs' refund claims for 1989 and 1990 were timely.

The MITA's § 30 is the source of defendant's authority to impose a tax on retirement benefits. In January 1991, when defendant initially rejected plaintiffs' refund claim, § 30(1)(f) provided in pertinent part:

---

[2] In its Decision and Order of Determination, the Department of Treasury also noted that it, as an administrative tribunal, could not resolve the constitutional questions that plaintiffs raised regarding § 30(1)(f).

(1) "Taxable income", for a person other than a corporation, estate, or trust, means adjusted gross income as defined in the internal revenue code subject to the following adjustments:

\* \* \*

(f) Deduct to the extent included in adjusted gross income:

(i) Retirement or pension benefits received from a public retirement system of or created by this state or a political subdivision of this state.

(ii) Any retirement or pension benefits received from a public retirement system of or created by another state or any of its political subdivisions if the income tax laws of the other state permit a similar deduction or exemption or a reciprocal deduction or exemption of a retirement or pension benefit received from a public retirement system of or created by this state or any of the political subdivisions of this state.

\* \* \*

(iv) Retirement or pension benefits from any other retirement or pension system as follows:

(A) For a single return, the sum of not more than $7,500.00.

(B) For a joint return, the sum of not more than $10,000.00.[3]

On appeal, defendant asserts that the Court of

---

[3] Effective July 1994, the Legislature amended several subsections of § 30(1)(f), including subsection i to include federal public retirement system benefits within those benefits deductible from adjusted gross income per *Davis, supra,* subsection iv to apply to retirement or pension benefits received before October 1, 1994, and subsection v to incorporate the new § 30a that permits, after September 30, 1994, senior citizens receiving retirement or pension benefits for life to deduct up to $30,000 on a single return or $60,000 on a joint return, less any deduction received under § 30(1)(e) or (f)(i). See MCL 206.30a; MSA 7.557(130a). Given the size of the refund that plaintiffs requested in their Court of Claims complaint and plaintiffs' amended tax returns attached to their complaint, we deduce that the 1994 amendments of § 30(1)(f) and the new § 30a will provide plaintiffs with a deduction large enough to subsume all of plaintiffs' Ohio pension benefits received after October 1, 1994.

Claims erred in finding that § 30(1)(f) was constitutionally unsound. We agree.

The constitutionality of a statute is a question of law that this Court reviews de novo. See *Feaster v Portage Public Schools,* 210 Mich App 643, 648; 534 NW2d 242 (1995). According to article IV, § 2 of the United States Constitution, the "Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." Challenges under this constitutional guarantee examine whether a restriction deprives *nonresidents* of a privilege or immunity protected by this clause. *Barnard v Thorstenn,* 489 US 546, 552; 109 S Ct 1294; 103 L Ed 2d 559 (1989).

In this case, however, the challenged tax does not treat residents and nonresidents differently. In fact, plaintiffs are Michigan *residents* suing in order to fit within a Michigan income tax exemption permitted under § 30(1)(f). Any analysis under the Privileges and Immunities Clause is, therefore, inappropriate. The Court of Claims assertion that § 30(1)(f) may impede interstate travel does not support the conclusion that the tax exemption treats nonresidents differently. Thus, § 30(1)(f) does not violate the Privileges and Immunities Clause even though it permits retirees to deduct their income from Michigan public retirement systems and from state public retirement systems offering a reciprocal exemption to Michigan retirees.

With respect to plaintiffs' equal protection argument, defendant asserts that plaintiffs are not situated similarly to Michigan public retirees or the retirees from a state that provides an exemption from its state income tax for Michigan public retirees and that a rational basis underlies different treatment for these different classes of retirees. We agree.

The constitutional guarantee of equal protection

mandates that persons in similar circumstances be treated alike. *Frame v Nehls,* 208 Mich App 412, 415; 528 NW2d 773 (1995). In order to perform an equal protection analysis, we must first determine which constitutional test applies, strict scrutiny or the rational basis test. *Feaster, supra* at 649-650. Because the right to interstate travel is a fundamental right, we will review a statute that penalizes the right to travel under the strict scrutiny test, i.e., the statute will be upheld if its classification scheme is precisely tailored to serve a compelling governmental interest. *Id.* at 650; see also *People v Lewis,* 107 Mich App 277, 281-282; 309 NW2d 234 (1981). We believe, however, that § 30(1)(f) does not impinge upon the fundamental right of interstate travel because the United States Supreme Court has never "indicated that a resident would be entitled to keep any form of state dispensed benefit upon leaving the state" and traveling elsewhere. Nowak & Rotunda, Constitutional Law (4th ed), § 14.38, p 877, citing *Califano v Torres,* 435 US 1; 98 S Ct 906; 55 L Ed 2d 65 (1978).

Generally, legislation challenged on equal protection grounds is presumed to be constitutional and is reviewed according to a rational basis standard in the absence of a suspect classification or penalized fundamental right. *Doe v Dep't of Social Services,* 439 Mich 650, 662; 487 NW2d 166 (1992). Pursuant to this more forgiving test, we do not determine the wisdom, need, or appropriateness of defendant's tax exemption policies or whether the classification scheme achieves mathematical equality. *Feaster, supra* at 651. Instead, under the rational basis standard, we will not strike down a statute as unconstitutional as long as the classification scheme it creates is rationally related to a legitimate governmental purpose. *Id.*

The question is whether treating retirees who receive pension funds from out-of-state public retirement systems differently from retirees who receive pension funds from (a) Michigan public retirement systems or (b) out-of-state public retirement systems with a reciprocal tax exemption for Michigan retirees is rationally related to a legitimate governmental purpose. See *id.* Here, a rational basis for legislation exists because at least two sets of facts can be reasonably conceived to justify the discrimination. First, as the state argued to the United States Supreme Court in *Davis,* 489 US 816, Michigan's interest in hiring and retaining qualified civil servants through the inducement of a tax exemption for retirement benefits provides a rational basis justifying the preferential treatment of retired Michigan public employees. According to the Supreme Court, this argument "merely demonstrates that the State has a rational reason for discriminating between two similar groups of retirees." *Id.*

Second, as defendant argues here, a rational basis also exists for extending this tax exemption to pension benefits from out-of-state public retirement systems whose states give the same exemption to retired Michigan public servants. This is an inducement for other states to treat retired Michigan public servants in the same manner as if they had chosen to spend their retirement years in Michigan. Thus, Michigan can also offer prospective civil servants this attractive benefit accompanying participation in the state retirement system even if those civil servants retire to another state. Without questioning the wisdom, need, or appropriateness of § 30(1)(f), we find that this provision's tax exemption is rationally related to legitimate governmental interests and that defendant has demonstrated a rational reason for treating public

retirees from some states differently from public retirees from other states. *Doe, supra.* Thus, we reverse the Court of Claims' decision that § 30(1)(f) violated plaintiffs' equal protection guarantees.

We also find that the Court of Claims erred in finding that the United States Supreme Court's decision in *Davis* was binding upon the instant dispute. *Davis,* 489 US 808, 812-814. *Davis* only addressed whether § 30(1)(f) violated 4 USC 111, which permits states to tax the compensation of federal employees "if the taxation does not discriminate against the officer or employee because of the source of the pay or compensation." *Id.* at 808. Because § 30(1)(f) favored state and local government employees over retired federal employees, it violated the principles of intergovernmental tax immunity. *Id.* at 817. On remand, this Court found that equitable considerations favored the extension of § 30(1)(f) to retired federal government employees, and we limited the precedential effect of *Davis* to situations involving the tax liability of retired federal employees. *Davis (On Remand),* 179 Mich App 688-689. "Benefits of private-sector employees remain subject to the provisions of subparagraph (iv)." *Id.* at 689. This Court's omitting reference to out-of-state public sector employees such as plaintiffs does not mean that plaintiffs' complaint is controlled or affected by either *Davis* opinion.

Finally, although the Court of Claims did not address plaintiffs' dormant Commerce Clause argument, both parties discussed the issue on appeal. We will not review this unpreserved issue, however. *Schubiner v New England Ins Co,* 207 Mich App 330, 331; 523 NW2d 635 (1994).

Accordingly, we reverse the Court of Claims' findings that § 30(1)(f) of the MITA violated the Equal Protection and Privileges and Immunities

Clauses of the federal constitution in its treatment of plaintiffs' pension benefits from the State of Ohio and that plaintiffs were entitled to a recovery. Because § 30(1)(f) does not violate plaintiffs' constitutional rights, we do not reach the statute of limitations issue that plaintiffs raise on cross appeal.

Reversed.