*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DANIEL EDWARD CALLAHAN,

        Plaintiff-Appellant,

UNPUBLISHED
July 30, 2020

v

VERONICA ANN MAROTA,

        Defendant-Appellee,

No. 349454
Ottawa Circuit Court
LC No. 18-005555-NZ

and

VINCENT FRED MAROTA,

        Defendant.

Before: MARKEY, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant[1] under MCR 2.116(C)(7) (statute of limitations) and (C)(8) (failure to state a claim). Plaintiff also appeals the trial court's subsequent order awarding defendant attorney fees and costs. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff and defendant share an adult child. While she was a minor, the parties had a contentious relationship that included custody battles and frequently led to the involvement of law enforcement, the Department of Health and Human Services, and the courts. Relevant to this

---

[1] Defendant Vincent Fred Marota was dismissed from this case when plaintiff failed to timely serve him with process. He is not a party to this appeal. We will therefore refer to defendant Veronica Ann Marota as "defendant."

appeal, defendant obtained several personal protection orders (PPOs) against plaintiff between the 2012 and 2017.

In October 2018, plaintiff, acting *in propria persona*, filed a complaint alleging that defendant had committed various improper acts and had made false allegations against plaintiff between 1999 and 2017. Plaintiff asserted claims for abuse of process, false and malicious prosecution, defamation of character, and fraud, and sought declaratory and injunctive relief, including the termination of the PPO most recently issued in 2017, as well as monetary damages. Judge Jon Hulsing, who was originally assigned to the case, recused himself because defendant had apparently filed a separate federal court lawsuit against him.[2] The court clerk reassigned the case to Judge Karen Miedema, with the approval of Chief Judge Jon Van Allsburg. Plaintiff filed a motion for reconsideration of the reassignment, arguing that Judge Miedema should be disqualified and the case assigned to a judge outside of the 20th Circuit Court because of that court's alleged bias against plaintiff. Chief Judge Van Allsburg denied plaintiff's motion.

Defendant moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10), arguing in part that plaintiff had failed to state a claim on which relief could be granted, and that plaintiff's claims were barred by the applicable statutes of limitations. The trial court agreed, holding that plaintiff had both failed to properly plead the claims alleged and that the claims were barred by the applicable statutes of limitation. The trial court also concluded that plaintiff's complaint was an improper collateral attack on the most recently issued PPO, which plaintiff had not appealed. The trial court accordingly granted summary disposition in favor of defendant under MCR 2.116(C)(7) and (C)(8).

Defendant filed a motion for sanctions, requesting that the trial court award attorney fees and costs for the filing of a frivolous complaint. Plaintiff disagreed that sanctions were appropriate, but did not otherwise challenge the amount of sanctions requested. Plaintiff also filed a motion for reconsideration of the trial court's summary disposition order, and again requested that Judge Miedema disqualify herself for bias. The trial court denied plaintiff's motion for reconsideration and disqualification, and granted defendant's motion, finding plaintiff's complaint to be frivolous. It further found that plaintiff's complaint was devoid of arguable legal merit and that plaintiff had filed the complaint for an improper purpose—a collateral attack on a PPO from which plaintiff had not appealed. It awarded sanctions in the amount of $12,321.85 in attorney fees and $20.60 in costs. This appeal followed.

II. JUDICIAL BIAS/DISQUALIFICATION

Plaintiff argues that Judge Miedema and Chief Judge Van Allsburg erred by failing to disqualify themselves from this case because of their bias against plaintiff. We disagree. "A judge is presumed to be unbiased," and a party moving for disqualification "cannot establish disqualification based on bias or prejudice merely by repeated rulings against the party, even if the

_____

[2] The record provided to this Court does not provide any information regarding the specifics or disposition of this federal court lawsuit; Judge Hulsing's order merely states that plaintiff "has reportedly filed a lawsuit against this Judge in the Federal District Court."

rulings are erroneous." *Butler v Simmons-Butler*, 308 Mich App 195, 227-228; 863 NW2d 677 (2014).

Plaintiff's brief on appeal contains a statement of questions presented that includes several rhetorical questions regarding whether Chief Judge Van Allsburg should have disqualified himself in this case or regarding the appropriateness of an order entered by Chief Judge Van Allsburg in 2006 in another matter. However, plaintiff did not raise these issues before the trial court or file a motion for the disqualification of Chief Judge Van Allsburg; accordingly, the issues are unpreserved. We need not consider issues that a party failed to preserve for appellate review. See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Further, defendant's entire analysis of these issues consists of a single repeated sentence: "Judge Jon Van Allsburg does have a significant reason to have a personal negative bias towards the Appellant." To properly present an appeal, an appellant must appropriately argue the merits of the issues identified in his statement of the questions involved, *DeGeorge v Warheit*, 276 Mich App 587, 596; 741 NW2d 384 (2007); an appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims. *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998). An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 626-627; 750 NW2d 228. Accordingly, we conclude that plaintiff has waived and abandoned these issues, and we decline to address them.

Similarly, plaintiff has abandoned his claims of error concerning the denial of his motion for the disqualification of Judge Miedema. In order to preserve the issue for appeal, a party whose motion for disqualification of a trial judge is denied by that judge must seek review of that denial by the chief judge of the trial court. *Welch v Dist Court*, 215 Mich App 53, 258; 545 NW2d 15 (1996). Plaintiff failed to do so, and we decline to address the issue at length; however, we note that plaintiff has failed to identify any alleged bias toward him on the part of Judge Miedema, apart from repeated rulings against him. *Butler*, 308 Mich App at 227-228.

Additionally, to the extent that plaintiff argues that the entire 20th Circuit Court, or at least every judge that had presided over previous matters involving the parties, should have been disqualified for bias against him, he has failed to support that argument with facts or law. *DeGeorge*, 276 Mich App at 596. Plaintiff states in his statement of questions presented that Chief Judge Van Allsburg and "all unnamed contributing judges" that had issued orders against plaintiff in prior proceedings were the subject of a federal lawsuit (presumably the same lawsuit that Judge Hulsing referenced in his order disqualifying himself) and therefore should have been disqualified. Plaintiff also asserts that an attorney he had previously retained had resigned out of fear that he would be sanctioned (presumably, improperly) by Judge Hulsing or other judges of the 20th Circuit Court, demonstrating that the court is biased against him. But plaintiff has provided no factual support for these assertions, nor has he presented this Court with authority in support of his position. Accordingly, we conclude that he has abandoned these claims. *Woods*, 277 Mich App at 626-627.

## II. PERSONAL PROTECTION ORDERS

Plaintiff's statement of questions presented includes numerous questions regarding the merits of the trial court's issuance of various PPOs. However, plaintiff fails to present any

discussion at all regarding any of these issues. *Woods*, 277 Mich App at 626-627. Further, there is no indication that plaintiff ever appealed the PPOs, and the record before the court is insufficient to allow review of the issues raised, even if such a review were warranted. Accordingly, we decline to address them.

## III. SANCTIONS

Plaintiff argues that the trial court erred by awarding attorney fees, because defendant's counsel improperly sought an award of sanctions while receiving compensation from Lakeshore Legal Aid in connection with the case, and the amount of attorney fees incurred by plaintiff was therefore zero. We disagree. The trial court's determination of the amount of sanctions imposed is reviewed for an abuse of discretion. *Vittiglio v Vittiglio*, 297 Mich App 391, 408; 824 NW2d 591 (2012), lv den 493 Mich 936 (2013), recon den 494 Mich 859 (2013). "An abuse of discretion occurs when the court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). We review for clear error a trial court's finding that an action is frivolous. *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002).

It appears from the record that at some point in the proceedings below, plaintiff became convinced that defendant's counsel was somehow secretly billing Lakeshore Legal Aid, as well as defendant, for work on the case. This allegation lacks any factual support. Apart from this assertion, plaintiff's brief fails to present any meaningful argument relevant to the trial court's award of sanctions; nor does plaintiff argue that the trial court erred by determining that his claim was frivolous. As previously noted, an appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue. *Woods*, 277 Mich App at 626-627. Defendant's counsel testified at trial regarding the charges that defendant accrued in defending against plaintiff's claim, and she provided a billing statement as evidence. Further, although plaintiff argues that defendant's counsel attempted to "extort" money from him for attorney fees by offering to enter into a settlement agreement rather than pursue court-ordered sanctions, these claims are devoid of any legal merit. We find no clear error in the trial court's finding that plaintiff's complaint was frivolous, *Kitchen*, 465 Mich at 661, and the trial court did not abuse its discretion in determining the amount of attorney fees to be awarded, *Smith*, 481 Mich at 526.

Affirmed. Defendant may tax costs. MCR 7.219(A)(1).

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Mark T. Boonstra